123 So.2d 896

Vernus DEROUEN et ux.

v.

AMERICAN EMPLOYERS INSURANCE COMPANY et al.

No. 45157.

Nov. 7, 1960.

Johnson & LeBlanc, New Iberia, for plaintiffs-appellants.

Helm, Simon, Caffery & Duhe, New Iberia, Stafford & Pitts, Alexandria, for respondents.

HAMLIN, Justice.

In the exercise of our supervisory control (Article VII, Section 11, Louisiana Constitution of 1921, LSA), we granted a writ of review from a judgment of the Court of Appeal, First Circuit, affirming a judgment

of the district court, rejecting plaintiffs' demands for damages resulting from injuries suffered in an intersectional automobile collision.

The facts of record are to the effect that at approximately 4:00 P.M. on January 2, 1957, Mrs. Galdwin Derouen was driving her family car (a 1951 Plymouth) west on Dale Street in the City of New Iberia, having as passengers her two small children seated on the back seat of the car. At the same time, Mrs. Whitney Maturin was driving her family car (a 1954 Ford) south on Walton Street. Mrs. Vernus Derouen was riding with Mrs. Maturin as a guest passenger.

Both Dale and Walton Streets are paved; traffic at their intersection is controlled by a green and red traffic or semaphore light. The two cars herein involved collided in the center of the intersection, the front of the Ford striking the Plymouth in its center on the right side and turning it over. Mrs. Galdwin Derouen and one of her daughters were injured; the two ladies riding in the Ford automobile were also injured.

The present suit was instituted by Vernus Derouen and his wife, Zoe Rome Derouen (the guest passenger in Mrs. Maturin's car), jointly and in solido against Firemens Insurance Company of Newark, New Jersey, (the insurer of Mrs. Whitney Maturin), and Mr. and Mrs. Galdwin Derouen and their insurer, American Employers Insurance Company, for damages—$2,240.86 in favor of Vernus Derouen and $42,500 in favor of Zoe Rome Derouen.[1]

Plaintiffs alleged that the collision was caused solely and proximately by the gross, concurrent, and joint negligence of the drivers of the two vehicles involved. They alleged that Mrs. Galdwin Derouen was negligent as follows:

"(1) In failing to keep a proper lookout.

"(2) In failing to keep her vehicle under proper control.

"(3) In travelling at a negligent rate of speed, considering the circumstances.

"(4) In failing to see what she should have seen, and in failing to do what she should have done.

"(5) In failing to use due and proper care in the circumstances.

"(6) In failing to see, or if she saw, in failing to bring her vehicle under proper control, and in failing to slow down upon approaching a dangerous intersection.

"(7) In failing to note the approach of the vehicle from her right until too late to take action to avoid the col-

1. Consolidated for trial with this suit was the case of Galdwin Derouen et al. v. Whitney Maturin et al. Another suit, Mrs. Whitney Maturin et al. v. Employers Liability Assurance Corporation, Ltd., has not been brought to trial.

lision, or if she noted, in failing to take proper action to avoid a dangerous situation."[2]

The negligence of Mrs. Whitney Maturin was alleged to be identical with the foregoing except that in No. 7 thereof it was alleged that Mrs. Maturin failed to note the approach of the vehicle from her left until too late to take action to avoid the collision.[3]

Firemens Insurance Company denied liability, alleging that the proximate cause of the accident was the fact that Mrs. Galdwin Derouen ran a red signal light.

American Employers Insurance Company, Galdwin Derouen, and Mrs. Galdwin Derouen denied liability, specifically averring that the accident was caused solely and proximately by the negligence of Mrs. Whitney Maturin in the following manner:

"A. In driving her vehicle at a grossly negligent and careless rate of speed, greatly in excess of the twenty-five mile per hour speed limit permitted by Section 23–32 of the Code of Ordinances of the City of New Iberia, Louisiana, which ordinance is here specifically pleaded.

"B. In negligently running a red light in violation of Section 23–22 and 23–23 of the Code of Ordinances of the City of New Iberia, Louisiana.

"C. In entering into an intersection after the same had been pre-empted by another automobile.

"D. In failing to observe the passage of the Galdwin Derouen vehicle into an intersection, and in failing generally to keep a proper lookout.

"E. In failing to see, or if she saw, in failing to bring her said vehicle under proper control, and in failing to reduce the speed of her vehicle upon approaching an automobile in an intersection."

The decision of the trial judge rejecting plaintiffs' demands was predicated on the fact that each driver testified that she had the green light on entering the intersection. He stated:

"No citation of authority is necessary to show that the lady having the green light was entitled to proceed, and not the other. The one having the red light was under a legal obligation to stop. When she failed to stop she became guilty of negligence, which obviously was the direct cause of the collision. This rendered her, her husband and their insurer liable for the injuries and damages thereby caused.

"However, it is not possible from the evidence to determine which lady entered the intersection on a red light.

2. No allegation made as to color of semaphore traffic light.

3. No allegation made as to color of semaphore traffic light.

It is therefore not possible to fix the responsibility for the collision. Unlike most collisions, there are no physical facts, or other mute evidence, to aid us in reaching a conclusion. A finding on that point can be based only on speculation.

\* \* \* \* \* \*

"It is incumbent upon the passenger, Mrs. Vernus Derouen, like the other plaintiffs, to prove negligence on one of the drivers before she can recover. It is not sufficient that she show only her freedom from negligence. And, to hold negligent the lady approaching on the green light, under the circumstances, would be a miscarriage of justice.

"It must be realized that this situation visits a hardship on the innocent driver and upon Mrs. Derouen, the guest passenger. But at the same time it cannot serve as the basis for a decision in a tort action, where the only ground for the action is negligence. In the absence of proof of negligence, there cannot be recovery for a tort. This is the situation here."

The Court of Appeal, First Circuit, (Judge Tate dissenting), affirmed (118 So. 2d 522), adopting in great part the reasons of the trial court.

We granted certiorari on the application of plaintiffs, Mr. and Mrs. Vernus Derouen.

The evidence of record is as follows:

Captain Norbert Dartez, a police officer who investigated the accident, testified that the point of impact was the intersection of the two streets involved. He stated that each driver told him that she had the green light. He said that the semaphore light was working when he arrived at the scene of the accident, and that the condition of the weather was dry. Captain Dartez placed the speed limit of the City of New Iberia at twenty-five miles per hour.

Plaintiff Mrs. Vernus Derouen stated that Mrs. Maturin was driving around 20–25 miles per hour; that they were returning home from church and contemplated stopping by Mrs. Maturin's sister-in-law's house; that she was sitting on the right side of the front seat of Mrs. Maturin's car; that the last time she spoke with Mrs. Maturin before the accident was 15 to 16 feet from the intersection, at which time she observed that the light was green; that she did not "see the car at all when we wrecked."

Mrs. Galdwin Derouen testified under cross-examination (LSA–R.S. 13:3662), during the presentation of plaintiffs' case that when she first looked up at the traffic light and saw that it was green she was about ten feet from the corner. In demonstrating what she meant by 10 feet, she used a ruler (1″ representing 10 feet) and marked an X on a map filed in evidence.

She placed her speed at 20 miles per hour. Mrs. Derouen further said that she was familiar with the intersection, passing it every other day, and knew that there was a street light hanging in the center of the street. She stated that when she got close to the corner she looked down Walton Street to her right and saw no traffic coming on Walton Street, and that the first time she saw the Maturin car was when she had travelled out into the intersection.

When she was a witness on her own behalf, Mrs. Galdwin Derouen testified that as she was driving to the intersection she looked to "my light; my light was green. I looked on both sides, the left and right, and I didn't see any cars coming. I looked back, the light was green and I entered the intersection."

Mrs. Whitney Maturin testified that she was familiar with the intersection, passing it nearly every two days. She stated that she was about twelve feet from the corner when she looked up for the first time and saw that the light was green. She placed her point of observation on a map used in evidence, applying a ruler (1″ representing 10 feet). She said that she looked at the light again and it was still green. She did not glance to her left to see if any cars were approaching. "No, I see the light was green; I just kept on passing." She said that she did not slow down at the corner, stating that she could not have avoided the wreck because she was too close

to Mrs. Derouen's car. She placed her speed between twenty-four and twenty-five miles per hour. In concluding her testimony, Mrs. Maturin stated: "Yes, you could see if there is a car coming if I didn't have the light that was green. But I had a green light so I went."

Our most recent jurisprudence has held that a driver proceeding on a favorable light is not held to the same degree of care and vigilance in driving as he would be if no such system prevailed. We have also held that motorists have a right to presume that signals are understood and will be obeyed by drivers having an unfavored light. Bryant v. Ouachita Coca-Cola Bottling Company, 239 La. 83, 117 So.2d 919; Youngblood v. Robison, 239 La. 338, 118 So.2d 431. These were cases, however, where a proper lookout was kept from a reasonable and proper distance from the light and the testimony was therefore definite as to the color of the light at the time of entry into the intersection. Here, the testimony of Mrs. Galdwin Derouen is that she looked at the light for the first time about ten feet before she entered the intersection and it was green; that she looked "back; the light was green and I entered the intersection." Mrs. Vernus Derouen, the plaintiff guest passenger, looked at the light 15–16 feet before her driver entered the intersection and it was green. Mrs. Whitney Maturin looked at the light for the first time about twelve

feet before she entered the intersection and again glanced as it and it was green. No other witness testified with respect to the color of the semaphore light.

 It is generally well known that semaphore lights can change colors within a driving distance of one or two feet.[4] It cannot be gainsaid that it is the duty of a driver approaching a semaphore controlled intersection to observe the light for a reasonable distance to determine that it is still green before negotiating the intersection; otherwise, he could be a transgressor if the light changes against him. Bryant v. Ouachita Coca-Cola Bottling Company, supra. Such being the case, we feel that in view of the exceptional circumstances herein and the failure of the drivers to keep a proper lookout[5] and have their vehicles under proper control, the credence, weight, and sufficiency of the testimony of both drivers with respect to the color of the semaphore light is seriously affected, and the matter should be treated as one of negligence with respect to the actions of the drivers on the one hand and the guest passenger on the other.

 Mrs. Vernus Derouen was a guest passenger in Mrs. Maturin's automobile. There is no evidence of record to the effect that Mrs. Maturin was incapable of driving or unable to keep a proper lookout while she was so engaged. There is also no evidence of record to the effect that Mrs. Maturin was in poor health or felt indisposed on the day of the accident. The record is bare of evidence showing that Mrs. Vernus Derouen did not trust Mrs. Maturin's driving.

"Generally, a guest passenger is not required to keep a constant lookout for the dangers of the highway, or to pay attention to the ordinary road and other traffic conditions incident to automobile driving, it being his right and privilege to place reasonable reliance upon the driver in charge of the car for the exercise of the necessary care and caution. * * *" Herget v. Saucier, 223 La. 938, 67 So.2d 543, 545.

"* * * It is well settled that ordinarily and in the absence of unusual circumstances or obvious dangers, a guest is entitled to rely on the skill of his host driver and is not required to keep a constant lookout for danger. * * *" Vidrine v. Southern Farm Bureau Casualty, La.App., 105 So.2d 279, 285.

 In the light of the above jurisprudence, the facts of record are replete to

---

4. There is no mention that the semaphore herein involved had an amber light. We are presuming that it changed from red to green and vice versa.

5. McCandless v. So. Bell T. & T. Co., 239 La. 983, 996, 120 So.2d 501.

the effect that Mrs. Vernus Derouen was free from any negligence associated with the instant accident.

■ A thorough examination of the testimony of Mrs. Galdwin Derouen and Mrs. Whitney Maturin, supra, convinces us that they were both negligent. The proximate and efficient cause of the accident was their failure to keep a proper lookout and have their vehicles under proper control. This finding is shown by their testimony and the physical facts surrounding the intersection. There was a house located on the northeast corner of the intersection; it did not obstruct the view of motorists, but it had the effect of obscuring it. Both drivers waited too long to observe the traffic light, and once they had observed the light they failed to properly continue to take notice of it. They allowed themselves to get too near to the intersection before they looked to ascertain the color of the traffic light. We, therefore, find that Mrs. Galdwin Derouen and Mrs. Whitney Maturin were not operating their vehicles as careful, prudent, and observant drivers; they did not have their vehicles under such control as to enable them to promptly obey the signals which they were bound to observe. Had they been keeping a proper lookout, they would have avoided the accident.

Plaintiffs bore their burden of proof, in view of the fact that when they presented their case they called Mrs. Galdwin Derouen and Mrs. Whitney Maturin as witnesses under LSA–R.S. 13:3662. They alleged that both ladies were negligent and sustained the burden of proving this fact by the testimony of these ladies themselves.

The demands of plaintiffs having been dismissed, we must remand this cause to the district court for the purpose of determining the question of quantum.

For the reasons assigned, the judgment of the district court dismissing plaintiffs' suit affirmed by the Court of Appeal is reversed, annulled, and set aside, and the case is remanded to the district court for proceedings not inconsistent with the views expressed here. All costs incurred in the appellate courts are to be paid by defendants; all other costs are to await the final determination of this cause.

**124 So.2d 138**