AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover of the defendant and his insurer damages allegedly sustained in an automobile collision at the intersection of Velva Street and Greenwood Road in the City of Shreveport.
Velva, a two-lane street, runs in a general north and south course and forms a “T” intersection with the Greenwood Road, a main-traveled, six-lane thoroughfare forming a segment of U. S. Highway 80 as it traverses the City of Shreveport. The movement of traffic through this intersection is governed and controlled by a conventional electric semaphore traffic light. The light, on a complete cycle, remains red for traffic on Velva Street for 32 seconds, and for traffic on Greenwood Road, eight seconds.
Plaintiff, accompanied by Thomas M. Collins, no relation, was driving a Chevrolet convertible easterly on Greenwood Road; her companion sat to her right, facing her with his back to the door. Defendant Purkey, accompanied by Robert B. Null and Raymond M. Padgett, was driving a 1953 Model Chevrolet in a northerly direction on Velva Street.
The point of impact of the collision was slightly north of the center of Greenwood Road. The front of the Chevrolet convertible struck the left side of defendant’s Chevrolet. After the impact, plaintiff’s convertible continued 97 feet 4 inches before coming to rest, when it struck a parked panel truck on a rear parking lot of a service station at the southeast corner of the intersection. Its movement was described as skidding sideways and backwards, and, on coming to rest, was headed northwest, the direction from which it came. Defendant’s Chevrolet traveled 41 feet, 4 inches after the impact, in a northeasterly direction, coming to rest in the center of the outbound traffic lane of Greenwood Road.
Negligence charged to defendant Purkey consists of running a red light, excessive speed, and failure to keep a proper lookout. As also constituting the proximate cause, or, in the alternative, a contributing cause of the accident, are similar charges of negligence directed against plaintiff, with the additional specifications that she was operating a motor vehicle while under the influence of intoxicating liquor and failed to accord defendant the right of way at the intersection.
The primary and decisive question is who ran the red light. The trial court concluded, from the evidence, that it preponderated in defendant’s favor, and established he had the favorable light and that she ran the red light. Plaintiff’s negligence was, therefore, found to constitute the proximate cause of the accident and, accordingly, her demands were rejected. From this judgment, she prosecutes this appeal.
The issues are purely factual in character and their resolution must be determined from the facts as established in the record.
Mr. and Mrs. Collins, after leaving their employment at five o’clock in the afternoon, visited two or more cocktail lounges where. *125 according to their testimony, they had consumed only two beers each. They then drove easterly on Greenwood Road, with Mrs. Collins doing the driving. Mr. Collins testified he did not see either defendant’s car or the traffic light before the accident. He was, therefore, unable to give any information as to the cause of the accident. Mrs. Collins testified that, as she approached the intersection, the light was red, whereupon she stopped behind another car on the inner lane for eastbound traffic; that, after the light changed to green, she followed the forward car as it proceeded through the intersection, and that, as she entered the intersection, the defendant, driving at a rapid rate of speed, drove into the intersection in front of her, causing her to strike his automobile.
The defendant and his two companions testified that they were proceeding north on Velva Street at approximately 30 m.p.h.; that, when about a block from the intersection, on seeing that the light for traffic for them was red, the driver reduced the speed of the car in preparation to stop at the intersection; and that, when they were within a few feet of the intersection, the light changed to green, whereupon they proceeded into the intersection at a speed of approximately 10 m.p.h. After they entered the intersection, plaintiff’s car was seen approaching from the west, or defendant Purkey’s left, at a high rate of speed estimated at 60 to 70 m.p.h., and, without slowing or stopping, proceeded into the intersection, striking defendant’s car on its left side.
One other witness, D. M. Meecham, a police officer, on his way to report for duty, also testified as to the occurrence of the accident. According to his testimony, he also was traveling east on Greenwood Road and stopped at the Velva Street intersection because of the red light; that, upon change of signals, he passed through the intersection and proceeded one or two blocks when he heard the collision. He then reversed his course and returned to the scene of the accident, but took no part in the investigation as two other officers, who were on duty, arrived and performed that task. The evidence does not disclose that any other cars were stopped at the red light on the Greenwood Road at Velva Street except Meecham’s; Meeham did not notice plaintiff’s car stopped behind him.
Defendant and his companions testified that, when they were about a block away from the intersection, they saw the police car go through the intersection on a green light (the light was red to them). They also testified, as heretofore pointed out, that, as they were entering the intersection on a green light, plaintiff’s car was approaching from the west.
From the aforesaid testimony, the trial court concluded that Mrs. Collins was not stopped behind officer Meecham, as she testified, for the reason that, as the light turned “green” for the officer, it would have likewise been “green” to her; also, she would have been through the intersection instead of in the center thereof when the officer was one or two blocks away. Furthermore, had Mrs. Collins been stopped at the intersection, she would necessarily have had to start her automobile from a standstill position, and would not have driven more than 20 feet before striking defendant’s automobile. From the amount of damage done to her own car, the distance it knocked defendant’s automobile, and the distance her own car traveled, skidding sideways and backwards, the conclusion is inescapable that her speed was excessive— and that this rate of speed could not have been attained had she started from a “stop” position at the intersection.
Plaintiff further contends that a motorist, before attempting a left turn, should, by proper observation, ascertain that the movement can be made in safety and without unduly affecting or obstructing the normal movement of overtaking or oncoming traffic, and cites the case of Mock v. Savage, La. App. 2 Cir., 1960, 123 So.Zd 806, wherein it is asserted that, in making *126 such maneuver, a motorist is under the duty to be alert, observant, and to exercise due care and reasonable precaution. This principle, based upon the requirement of the statute LSA-R.S. 32:236, subd. A that the driver of any vehicle upon a highway, before starting, stopping, or turning from a direct line, shall first see that such movement can be made in safety, has general application when a motorist is confronted by overtaking or oncoming traffic. It has no application to traffic in an intersection controlled by traffic lights.
We are also cited the cases of Derouen v. American Employers Insurance Company, 240 La. 486, 123 So.2d 896; Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535. Both are referred to as modifying the principles clarified and enunciated in Youngblood v. Robison, 239 La. 338, 118 So.2d 431. We do not so construe these decisions. In the first of these cases, it is obvious that the lookout discussed was not a lookout for other motorists approaching the intersection from another street, but the lookout was with reference to the proper observation of the semaphore traffic light and whether such observation was made over a sufficient time or space; for it was stated [240 La. 486, 123 So.2d 900]:
“It is generally well known that semaphore lights can change colors within a driving distance of one or two feet. It cannot be gainsaid that it is the duty of a driver approaching a semaphore controlled intersection to observe the light for a reasonable distance to determine that it is still green before negotiating the intersection; otherwise, he could be a transgressor if the light changes against him. Bryant v. Ouachita Coca-Cola Bottling Company, supra. (239 La. 83, 117 So.2d 919)
Moreover, the cases of Youngblood v. Robison, supra, and Bryant v. Ouachita Coca-Cola Bottling Company, supra, were cited as authority in the Derouen case.
Nor do we find the pronouncement in the Randall case, that when a superior motorist should reasonably realize, in ample time, that the inferior traffic will continue to approach and obstruct the superior motorist’s passage across the intersection, he is guilty of negligence should he fail to take every precaution to avoid a collision, has application to the facts of the instant case. Nor does such pronouncement, in any wise, affect or modify the holding of the Youngblood case.
Nevertheless, plaintiff contends that defendant had the last clear chance to avoid the accident and, for that reason, she is entitled to recover even though she was negligent. The doctrine of last clear chance has no application to the facts of this case. Defendant’s attention was directed primarily to the traffic light which was at first unfavorable to him and, because of which he reduced his speed in preparation for bringing his car to a stop, but, as he neared the intersection, the light changed to green and, in accord with that favorable signal, he proceeded into the intersection and reached the center of a broad thoroughfare before his car was struck by plaintiff’s vehicle proceeding on a red light. He was under no duty to anticipate or presume that plaintiff would violate the law and fail to stop on a red light. Youngblood v. Robison, supra; Bryant v. Ouachita Coca-Cola Bottling Company, supra; Kientz v. Charles Dennery, 209 La. 144, 24 So.2d 292; Patterson v. Hardware Mutual Casualty Company, La.App.2d Cir., 1961, 131 So.2d 147.
Therefore, we find no basis or reason for disagreement with the conclusion reached by the trial court that the negligence of plaintiff constituted the sole, proximate cause of the accident.
Accordingly, the judgment appealed is affirmed at plaintiff-appellant’s cost.
Affirmed.