FRUGÉ, Judge.
This litigation arises out of a collision between a 1957 Chevrolet automobile and a 1953 pickup truck on Louisiana Highway 674 near New Iberia, Louisiana. Suit No. 1460 was instituted by the driver of the pickup truck, Willie Brown, and his guest passengers, against the driver of the automobile, Wilfred Raggette, and his insurer, Southern Farm Bureau Casualty Insurance Company. Suit No. 1461, 177 So.2d 603 is *598 brought by lisia Ellis Raggette, wife of the defendant in No. 1460, against her husband’s insurer, Southern Farm Bureau Casualty Insurance Company, and Willie Brown, driver of the pickup truck. Mr. Raggette joins in his wife’s petition. The suits were consolidated for trial. Separate judgments shall be rendered by this court.
After a lengthy trial on the merits, in which much conflicting testimony was heard, the trial judge dismissed the suits of all the plaintiffs for reason of failure of proof. All plaintiffs in both suits have appealed.
The accident occurred at night on December 25, 1960, at approximately 7:30 P.M. The pickup truck was being driven by Willie Brown in an easterly direction and the Chevrolet automobile was being driven westwardly by Wilfred Raggette. There were patches of rather heavy fog in the area where the accident occurred. The vehicles collided head-on, causing severe personal injuries. There was heavy damage to the left front of both vehicles. It is apparent that one of the vehicles invaded the proper lane of travel of the other, or that both vehicles partially crossed the center dividing line of the highway. There was no physical evidence by which the point of collision could be fixed as to its location on the highway. The automobile came to rest on the shoulder and partially in the ditch on the north side of the highway, and the pickup truck came to rest in the south lane, facing west, having been turned completely around from the direction in which it was proceeding.
Seated in the cab of the pickup truck were plaintiffs Willie Brown, Mrs. Brown, Justina Johnson Alexander, and Joseph Ben, with his small minor daughter in his lap.
Willie Brown testified that he was driving in his proper lane of travel at about 35 miles per hour, with his lights on. He stated that after meeting one westbound car which passed him, the automobile which defendant Raggette was driving also in a westerly direction, pulled into the south lane of travel as though to pass the preceding automobile. It was then that the collision occurred.
He testified that although he had some-trouble with his headlights about two-weeks prior to the accident, the trouble-had been corrected and he had checked the-lights the day of the accident to see that they were operating properly.
Mrs. Brown generally corroborated her husband’s testimony. Joseph Ben was admittedly intoxicated and knew nothing of how the accident happened. Justina Johnson Alexander was also unable to remember anything about the accident.
Three passengers in an automobile that was following behind the pickup truck of Willie Brown testified positively that Willie Brown was in his proper lane of travel when the accident occurred. They also stated that he had his lights on. They were, however, vague as to the distance between their car and Willie Brown’s truck and as to how the accident occurred. It was established at the trial that these witnesses were friends or relatives of the occupants of the pickup truck. The trial judge was apparently unimpressed by their testimony.
Wilfred Raggette was not called as a witness by his insurer. He testified on cross examination that he was driving straddling the white line in the center of the highway and that he could see only twenty or thirty feet ahead of him. He stated that on seeing the truck he tried to turn back into his lane of travel but did not know whether he succeeded in doing so before the collision. At the time of the accident he told the investigating police officer that he was in his proper lane of travel at all times prior to the collision. He had likewise given such a statement to a representative of defendant, Southern Farm Bureau Casualty Insurance Company.
At the time of the accident he was not married to his present wife, plaintiff lisia Ellis Raggette, who was a guest passenger *599 in his automobile. In assessing Wilfred Raggette’s testimony, the trial judge stated, “He changed his original story of how the accident happened probably because he realized that unless the court found that the proximate cause of the accident was his negligence, his wife, lisia Ellis, would he unable to collect for the injuries she received as a result of the accident.”
The third passenger in the front seat ■of the automobile, Séptima Boutte, was not called to testify, it being stipulated that if she were so called she would testify that Wilfred Raggette was in his proper lane of travel when the collision occurred.
Melba Verdun, a passenger in the left rear seat of the Raggette automobile, also testified that Raggette was in his proper lane of travel. Because of her seating position in the car and the fact that she was engaged in conversation with the other passenger in the rear seat, it is doubtful that she observed the position of the automobile in the road just prior to impact.
The other person in the rear seat of the automobile was Alfred Raggette, the brother of the driver, Wilfred Raggette. He stated that he was able to see, from his position in the rear seat, the white line dividing the highway and that the automobile was being driven on its side of the road.
According to their testimony, none of the passengers in the Raggette automobile other than the plaintiff lisia Raggette saw any lights from the approaching pickup truck just prior to the accident. On discovery deposition, lisia Raggette had stated that she saw nothing of the approaching pickup truck, but changed her testimony at the trial on the merits.
Cleveland Raggette, a brother of Wilfred Raggette, who was not involved in the accident, testified that two days after the accident he was present when his father talked with Willie Brown. He stated that at that time Willie Brown said that he was •driving without lights on his truck and was looking for a road on which to turn when the accident occurred. This was all denied by Willie Brown in his testimony at the trial.
The foregoing presents a summary of the conflicting testimony which confronted the trial judge. In dismissing the suits of all plaintiffs for their failure to prove their claims, the trial judge stated, “A-careful reading of the evidence adduced at the trial of these suits should convince anyone that it is simply impossible to determine with any degree of certainty whether the accident in question was caused by the negligence, if any, of one or both the drivers of the vehicles involved in the accident.”
On behalf of all of the plaintiffs that were guest passengers in the pickup truck and the automobile, it is now argued that the trial judge erred in dismissing their suit for the reason that clearly at least one of the drivers was at fault. It is urged that in such a case the burden of proof is upoil both of the drivers to exculpate themselves from any negligence proximately causing the accident.
Indeed, there have been several cases in our jurisprudence stating the rule that where an innocent party is damaged as the result of an accident between two vehicles, then each driver bears the burden of exculpating himself from negligence which proximately causes the accident. These cases stem from the decision in Insurance Company of North America v. Gore, Orl.App., 106 So.2d 471.
We note, however, that none of these cases stating this rule involves injúry to a guest passenger in one of the vehicles involved in the collision. Rather, each case applying the rule is concerned with damage to a person or person’s property that was remote from or entirely unassociated with the colliding vehicles or their drivers. Thus it is seen in the Gore case, supra, that recovery was being sought for damages to a building struck by one of the cars involved in the accident. In Equitable Fire & Marine Insurance Co. v. Allstate *600 Insurance Co., La.App., 4th Cir., 137 So.2d 366, a laundry building was struck by one of two cars involved in an accident. Emmco Insurance Co. v. Liberty Mutual Insurance Co., La.App. 4th Cir., 138 So.2d 822, was concerned with damage to a parked automobile. Jones v. Southern General Insurance Co., La.App. 3rd Cir., 157 So.2d 335, dealt with the burden of proof where a pedestrian was struck by one of two cars which collided. Westchester Fire Insurance Co. v. Dardar, La.App. 4th. Cir., 158 So.2d 239, is concerned with damage to a grocery store by an intruding truck involved in a collision with another vehicle.
We further note that adherence to this rule of shifting the burden of proof was strenuously urged in two prior appellate cases involving injury to guest passengers, and in both cases the Court of Appeal rejected the argument. Nelson v. Zurich Insurance Co., La.App. 2nd Cir., 165 So.2d 489, and Derouen v. American Employers Insurance Co., La.App. 1st Cir., 118 So.2d 522. Both cases, however, were reversed by the Supreme Court on the facts of each case. In reversing the trial and appellate courts’ holdings in the Derouen case, 240 La. 486, at 499, 123 So.2d 896, at 901, the Supreme Court stated:
“Plaintiffs bore their burden of proof, in view of the fact that when they presented their case they called Mrs. Galdwin Derouen and Mrs. Whitney Maturin as witnesses under LSA-R.S. 13:3662. They alleged that both ladies were negligent and sustained the burden of proving this fact by the testimony of these ladies themselves.” (emphasis added)
Clearly, there are instances where a defendant, from the inferences drawn from the facts, will be presumed to be negligent and bears the burden of exculpating himself, 'such as in the case where the driver of an automobile is involved in an accident in the wrong lane of travel. See Laughlin v. Allstate Insurance Co., La.App. 3rd Cir., 169 So.2d 396, and cases cited therein. However, the facts in the instant case do not give rise to such an inference.
We are not unmindful of the duty of the court to decide how an accident occurred and the liabilities of the parties, if any, where there are facts in the case sufficient to make a decision possible. In this case, however, we must agree with the trial court’s decision that all of the plaintiffs have failed to establish their claims by a preponderance of the evidence. For the foregoing reasons, the judgment of the lower court is affirmed. Costs of this appeal shall be borne by plaintiffs-appellants.
Affirmed.
CULPEPPER, J., concurs with written reasons.
TATE, J., dissents and assigns written reasons.