TATE, Judge
(dissenting).
The writer must respectfully dissent.
With great respect for the trial court and the majority, our dismissal of the claims of all the passengers is not a permissible judicial resolution of the issues before us. The accident happened through the fault of at least one of the drivers; both drivers are impleaded; all possible witnesses are called to testify. Nevertheless, we say, we cannot determine which witnesses are testifying truthfully; so we dismiss both suits.
It is as if, faced with a difficult question of law, we refuse to adjudicate the rights of the parties because we cannot make up our minds as to which of the conflicting interpretations of law is correct. I think all of us would agree that the refusal for such reason to decide a question of law would be a shirking of judicial duty.[1] I respectfully suggest that we no less do so if we refuse to decide a question of fact (on which side of the road did the accident occur?) solely because the evidence is conflicting and confused.
As the majority notes, for reasons similar to the present majority’s the Louisiana courts of appeal have in only two instances dismissed suits by a passenger against both drivers. Nelson v. Zurich Insurance Co., La.App., 165 So.2d 489 and DeRouen v. American Employers Insurance Co., La. App., 118 So.2d 522. In both of these instances the Supreme Court granted writs and reversed, awarding judgment against one or both of the drivers on the basis of factual findings made by the Supreme Court which the intermediate courts had found themselves unable to make on the same evidence. Nelson v. Zurich Insurance Co., 247 La. 438, 172 So.2d 70; DeRouen v. American Employers Insurance Co., 240 La. 486, 123 So.2d 896.
In the opinion of the writer, the Supreme Court has thus plainly disapproved a Louisiana court refusing to decide a case because it cannot make up its mind as to which of conflicting witnesses is testifying truthfully, when a faultless plaintiff must recover under either version.
In the present case, for instance, the Brown pickup truck was proceeding east one foggy evening, while the Raggette Chevrolet was driving west. The road was straight and marked by a white center-line. The left fronts of both vehicles collided. It is indisputable that one or both of the vehicles were over the center-line.
The question of fact for decision is simply this: Did the collision occur (a) on the north (Raggette’s) side of the center line, or (b) on the south (Brown’s) side, or (c) with both vehicles astraddle the line?
The present suit is by Brown and his passengers against Raggette and his insurers. A companion suit consolidated with this (Ellis v. Southern Farm, etc., 177 So.2d 603, Docket No. 1461 decided this date) is by Raggette’s passenger against (a) Brown and (b) Raggette’s insurer.
*602 The testimony is as follows:
(A) Brown, his wife, Raggette, and Rag-gette’s plaintiff-passenger all testify that the accident happened with Brown in the correct lane and Raggette in his wrong lane. This testimony is corroborated by three passengers in a vehicle following Brown’s. Two other passengers in Brown’s car did not know where the accident occurred.

Versus

(B) Three passengers in the Raggette vehicle testified that Raggette was in his proper lane and thus that Brown was in the wrong lane at the time of the accident. Prior contradictory statements were proven by Brown, Raggette, and Raggette’s plaintiff-passenger to the effect that Brown was driving without lights (somewhat verified by the investigating state trooper) and that Raggette was indeed in his proper lane at the time of the accident (despite contrary testimony of these witnesses at the trial).
Obviously, if testimony A is correct, then Brown and his passengers and the Rag-gette plaintiff-passenger are entitled to judgment against Raggette or his insurers. If, to the contrary, testimony B is correct, then the Raggette plaintiff-passenger is entitled to judgment against Brown. One set of testimony or the other is correct (unless both vehicles were over the center line, in which event all passengers recover against both drivers or their insurers insofar as impleaded).
Under the evidence, it is impossible that the accident did not occur without actionable fault on the part of at least one of the defendant drivers. Both sets of witnesses cannot be right that their driver was on his own side of the road, for the accident could not then have occurred. It is our duty to decide which version of the accident is correct.
As the Supreme Court stated in the Nelson case, after noting (172 So.2d 71) the court of appeal’s failure to decide because of the irreconciliable conflict in the testimony of the witnesses: “ * * * the-opposed versions are irreconciliable, hence we must resort to the application of the-well recognized rule that: ‘Where witnesses differ, the courts should reconcile, if possible, the apparent contradictions that the testimony presents. If this cannot be done, then the probabilities or improbabilities of their respective statements must be considered in the light of their capacity, opportunity or incentive for observation,, the amount of corroboration, if any, and the degree of proof required.’ ” 172 So.2d 72.
Applying this rule, under the present evidence, then a court could either find version A to be correct, based upon the great preponderance of witnesses to this general effect, or else find version B to be correct, by discounting version A witnesses (because, e. g., of inconsistencies, interest, prior contradictory statements, lack of opportunity to observe) and by accepting version B witnesses as proving, by a slight preponderance, that Raggette was in his proper lane at the time of the accident, A court could possibly also, taking into account the physical evidence, the foggy evening, the conflict of the witnesses, find both drivers at fault in their speeds and observation while driving during the fog.
That deciding this may be very, very difficult; that a very slight preponderance of the evidence, after discounting for credibility, may incline the factual resolution to one conclusion or another; still does not, in my opinion, justify a majority opinion to shirk the decision of the issue thus squarely posed by the conflicting evidence.
For the reasons assigned, therefore, I respectfully dissent.

. Cf. Art. 4, Code Napoleon (Claitor’s 1960 reprint of an 1804 translation): “The judge who shall refuse to determine under pretext of the silence, obscurity, or insufficiency of the law, shall be liable to be proceeded against as guilty of a refusal of justice.”