158 So.2d 442 (1963)
James Maxwell BROWN, Individually and as Tutor of the minors, James Michael Brown and Lori Kaye Brown, Plaintiff-Appellant,
v.
Charles Dewitt HEAD and Allstate Insurance Company, Defendants-Appellees.
No. 9994.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1963.
Rehearing Denied December 6, 1963.
*443 Jones, Blackwell, Chambliss & Hobbs, West Monroe, for plaintiff-appellant.
Theus, Grisham, Davis, Leigh & Brown, Monroe, for appellant, Employers' Assurance Corp., Ltd.
Hayes, Harkey & Smith, Monroe, for appellees.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Plaintiff, individually and as tutor for his two minor children, appeals from judgment rejecting his demands for damages for the death of his wife and personal injuries received by one of his children caused by a collision between an automobile driven by his wife and a vehicle driven by Charles Dewitt Head. Head and his liability insurer, Allstate Insurance Company, impleaded plaintiff and his liability insurer as third party defendants.
This case was consolidated for trial and on appeal with two other suits arising out of the same accident. As we shall make reference to all such cases in this opinion, *444 we deem it necessary to set forth as briefly as possible the parties involved and the background of each suit.
Number 9995Head v. Employers' Liability Assurance Corp., 158 So.2d 442. Mrs. Head sues the liability insurers of both vehicles and Mr. Brown for her personal injuries alleging she was a guest in the automobile being driven by her husband and the accident was caused by the concurrent negligence of both drivers. Allstate Insurance Company, the liability insurer of the Head vehicle denied its assured was guilty of negligence and filed a third party complaint against Mr. Brown and his liability insurer, Employers' Liability Assurance Corporation, Ltd., who, in turn filed a third party complaint against Allstate, each seeking recovery over against the other for one-half the amount of any judgment which might be rendered against it. By stipulation Mrs. Head's demands were reduced to the policy limits. The lower court found Mrs. Head's injuries entitled her to an award of $5,000, but in order to prorate the amount of her recovery with that of her husband in No. 9996 and stay within the policy limit, she was awarded $3,799.39 against Employers' and its assured, Mr. Brown, but her demands against Allstate were rejected. The third party demands of Employers' and Mr. Brown against Allstate and Mr. Head were rejected. The third party claims of Allstate against Employers' and Mr. Brown automatically fell. Employers' appealed from the adverse judgment on the main demand as well as that portion rejecting its third party claim. Mrs. Head appealed from that portion of the judgment rejecting her demands against Allstate. As a precautionary measure Allstate answered the appeal.
Number 9996, styled Head v. Employers' Assurance Corporation, 158 So.2d 446. Mr. Head sues the liability insurer of the Brown car for damages to his vehicle and special damages incurred by him resulting from his wife's personal injuries. In this suit he alleges the accident was caused solely by Mrs. Brown's negligence. From judgment in plaintiff's favor for $1,250.61, defendant appeals.
In cases numbered 9994 and 9995, Allstate pleaded it policy limits and prayed alternatively that, in the event it should be cast in judgment in both cases, the amounts recovered should be prorated with the total not to exceed its limits. On date of trial, it was stipulated that the amount of all claims was limited to the insurance policy limits.
The tragic collision giving rise to the consolidated cases occurred on the morning of October 29, 1961, at approximately 10:30 a. m. Mrs. James Brown was driving the family car from her home in West Monroe south on Louisiana Highway 557 en route to Cypress Baptist Church. With her in the car were her two children, James Michael Brown, age 3 years and Lori Kaye Brown, age 21 months. The rolling hills in the vicinity of the accident are essentially pine timber country. The highway is black topped with frequent curves and hills. Preceding the accident it had been raining, leaving the road wet and slippery but at the time of the collision the hard rain had stopped although it was still misting. Mrs. Brown was driving the car with the knowledge and consent of her husband. As Mrs. Brown was proceeding south along the highway Mr. Head was driving his car north along the same road at a speed of about 35 to 40 miles per hour. With him was his wife, his eighteen-month-old boy, who was standing on the front seat between them, and an infant daughter who was in a bassinet on the back seat. Just prior to arriving at the scene of the accident, the Head car went down a slight hill and Mr. Head slowed his vehicle to about 10 or 15 miles per hour in order to cross a rough railroad crossing. After crossing the tracks, Mr. Head increased the speed of his vehicle to approximately 25 or 30 miles per hour ascending a slight hill. When his car reached the top of the hill where he could see the highway beyond the crest, he saw Mrs. Brown's automobile approaching *445 him in his lane of travel. At approximately the same moment, Mrs. Head observed the Brown car in the wrong lane of traffic and cried to her husband, "Look out!" Mr. Head almost immediately applied his brakes, causing his car to begin skidding, turning clockwise into his left lane of travel, striking the Brown automobile, which had returned to its proper lane of travel. The left front of the Brown car struck the left front of the Head car, resulting in the death of Mrs. Brown, injuries to Mrs. Head and to two Brown children, and damage to both automobiles. Mr. Head was not injured, nor were either of his two children. The point of collision was either wholly or partially in Mrs. Brown's lane of travel.
The only eyewitnesses to the accident who testified were Mr. and Mrs. Head. In his written reasons for judgment the trial judge outlined the testimony of all witnesses and adopted the version of the accident as related by the Heads. His findings were summarized as follows:
"When Mr. Head was near the crest of the hill, he observed the Brown vehicle in his lane of travel and was suddenly confronted with an emergency not of his own making. He did the natural thing by putting on his brakes."
As we think the lower court's findings are supported by the record, we shall not review the testimony of each witness. We find Mr. Head was faced with an emergency created by the negligence of Mrs. Brown in approaching the Head vehicle on her wrong side of the road. When Mr. Head first observed Mrs. Brown in his lane of travel the distance separating the oncoming cars was approximately 400 feet. Under these findings we think Head was faced with an emergency and that he was justified in concluding an impending disaster was eminent unless he took some immediate evasive action.
There are certain well-established principles of law applicable to the facts as we find them. A motorist must normally drive his car upon his right half of the road and if an accident occurs in his wrong lane, there is a prima facie presumption of negligence on his part which burdens him with the necessity of offering sufficient evidence to overcome this presumption. Wilson v. Kelly (La.App. 2 Cir., 1962) 138 So.2d 837 and authorities cited therein.
When a motorist is faced with a sudden emergency, not of his own making and to which he did not contribute, he cannot be held responsible for mere errors of judgment committed by him in meeting the emergency. In such circumstances, he should not be held guilty of negligence if he makes a choice which a person exercising ordinary prudence would have made, even though his choice upon closer examination, in retrospect, may not prove to have been the wisest available to him at that time. One faced with such a sudden emergency is not required to exercise the same accuracy of judgment or degree of care as would be required of him under ordinary circumstances. Dane v. Canal Ins. Co., 240 La. 1038, 126 So.2d 355 (1960) and cases cited therein.
We conclude Mr. Head has borne the burden of overcoming the prima facie presumption of negligence resulting from the collision having occurred in Mrs. Brown's lane of travel. We can find no error in the lower court's conclusion that Mrs. Brown's car was in Mr. Head's lane of travel when he saw her and that such negligence created such a sudden emergency as to justify Mr. Head in taking some sudden evasive action. Under these circumstances, hindsight might classify the application of brakes on a slippery road surface as being negligence, but we think it was a natural and instinctive thing to do. In any event Head, having been placed in a dangerous situation by Mrs. Brown's negligence, is not held to a strict accountability for any sudden actions taken in an effort to extricate himself from the danger. See Parker v. Smith (La.App. 2 Cir. 1963) 147 So.2d 407 and authorities cited therein.
*446 We find the negligence of Mrs. Brown was the sole and proximate cause of the accident.
The judgment appealed from is affirmed at plaintiff-appellant's cost.
Affirmed.