FRUGÉ, Judge.
This suit for personal injuries was brought by Eddie Laughlin, a guest passenger in an automobile involved in a near head-on collision. Two other suits, that of James Carroll Johnson v. Allstate Insurance Company, and Allstate Insurance Company et al. v. James Carroll Johnson, arose out of the same accident and were consolidated for purposes of trial but are not involved in this appeal.
After trial on the merits judgment was rendered in favor of plaintiff against James Carroll Johnson, the driver of the car in which plaintiff was a guest passenger. Laughlin’s suit against the driver of the other vehicle, Jules A. Delaune, and De-laune’s insurer, Allstate Insurance Company, was dismissed. Plaintiff appeals the judgment dismissing his suit against Delaune and Allstate.
The facts show that the accident occurred on July 29, 1962, at about 6:15 A.M. Plaintiff and Mr. Wade Mouton were passengers in the Johnson vehicle which was being driven easterly on Highway 190. Jules-Delaune, with his wife and two young sons as passengers, was proceeding westward in his automobile. The accident occurred about four miles west of Kinder, Louisiana. At that location Highway 190 is relatively straight and flat and has a width of 24 feet. The collision occurred on the south side of the highway in the lane properly reserved for eastbound traffic. The physical evidence reveals that the point of impact on the vehicles was to the right front door and fender of the Delaune automobile, and to the front of the Johnson automobile.
The learned trial judge in his written reasons for judgment states:
“Without reviewing the testimony of each of the witnesses, it is clear that Mr. Johnson and his two riders both had some beer and/or other intoxicating liquors prior to the accident. Mr. Johnson, driving at a high rate of speed, overtook and passed a military convoy. Shortly after passing the convoy he stopped his car and the passengers disembarked either to relieve themselves or to allow the passengers to get out and refuse to continue riding with Mr. Johnson. In a few minutes they drove away and again overtook and passed the military convoy. It was shortly thereafter that the accident occurred.
“The head-on collision actually occurred in the lane of traffic reserved for eastbound (Johnson’s) traffic. Therefore there is a presumption that *398 the accident was the fault of Mr. Delaune. See Rizley v. Cutrer [232 La. 655], 95 So.2d 139.
“However, on the basis of the evidence, this court is convinced that the accident was entirely due to the negligence and fault of Mr. Johnson.
“Mr. Delaune was in his proper lane, heading west until shortly before the accident. At a point when Delaune was approximately one-quarter mile from the Johnson automobile, Johnson pulled across the westbound lane and over on the north'shoulder of the highway. Mr. Delaune pulled to his left (south) and into the wrong lane to give way to the Johnson car. The accident occurred when Mr. Delaune was simply trying to get out of Johnson’s way and he had no way of knowing where the Johnson car was going.”
Thus, the trial judge found that Delaune, having been faced with a sudden emergency, was free of negligence. He found that the accident was solely and proximately caused by the negligent operation of the Johnson automobile. We are of the opinion that the record supports these findings.
The only eyewitnesses to the accident were Mr. and Mrs. Delaune, Mr. Johnson, and his two passengers, Mouton and Laugh-lin, the plaintiff. Mr. Johnson did not appear at the trial, nor did he appear to testify on deposition when scheduled to do so.
On direct examination Mr. Delaune stated: (Tr. 105)
“Well, we were traveling in our lane of traffic and approximately a quarter of a mile away this other car — the other car that was involved in the accident — pulled all the way across the road onto my shoulder and came straight for awhile, and when he came straight I eased over to the middle of the road to give me room. I thought he was either going to stop or turn off on the road, and then about the time that I got in the middle of the road he started swerving. He swerved twice and when he was coming out of his second swerve he went all the way across the road and by that time I was trying to get off the road on his side.”
Mr. Delaune’s version of the accident is corroborated by Mrs. Delaune, who stated that when she looked up the Johnson automobile was coming toward them swerving from side to side.
The testimony of Laughlin and Mouton also tends to support Delaune’s version of the accident. Both Laughlin and Mouton testified that they were resting just prior to the accident and saw the Delaune automobile only immediately before the collision. Both stated that Johnson and Delaune pulled into Johnson’s proper lane of traffic almost simultaneously. Plaintiff testified that the cars were only about 100 to 150 feet apart when both turned into the eastbound lane and collided.
Mr. Delaune’s version of the accident was further supported by the testimony of Captain R. L. Miller, the commanding officer of the eastbound military convoy that the Johnson automobile passed only minutes prior to the occurrence of the accident. Captain Miller, a disinterested witness, testified on deposition that Johnson’s automobile, on both occasions that it passed the convoy, swerved back and forth across the highway and took a considerable distance in which to properly straighten up.
The trial judge was well apprised of our law that the driver of an automobile involved in a collision in the wrong lane of traffic is presumed to have been negligent and bears the burden of establishing that he was without fault or that there were circumstances that justified his conduct. Rizley v. Cutrer, 232 La. 655, 95 So.2d 139; Le Bourgeois v. Indiana Lumbermens Mutual Insurance Company, La.App. 1 Cir., *399 101 So.2d 720; Carhee v. Scott, La.App. 2 Cir., 104 So.2d 236; Breaux v. Valin, La.App. 3 Cir., 138 So.2d 405.
We agree with the trial judge that in this case Mr. Delaune has sufficiently explained his presence in the wrong lane of traffic. The record clearly shows that Delaune was faced with a sudden emergency not of his own making. Although on cool reflection it may appear that Delaune would have been better advised to have taken a different course of action, since his evasive tactics failed, we must, however, view his conduct in light of all the surrounding circumstances. Dane v. Canal Insurance Company, 240 La. 1038, 126 So.2d 355; Embody v. Le Blanc, La.App., 1 Cir., 131 So.2d 225; Brown v. Head, La.App. 2 Cir., 158 So.2d 442.
Having thoroughly reviewed the record, we cannot say that Delaune was negligent in his conduct. Therefore, the judgment of the district court is affirmed. The cost of this appeal is to be borne by plaintiff.
Affirmed.