LOTTINGER, Judge.
This is an action in tort for personal injuries resulting from an automobile accident. The petitioner, Cora Mullins, was a guest passenger in a vehicle owned and operated at the time of the accident by Charles Sheppard. The defendants are Cyril Pitre, Jr., the husband of Dolores S. Pitre, who was driving her husband’s automobile at the time of the accident, the Pitre liability insurer, State Farm Mutual Automobile Insurance Company, and Charles Sheppard. The Lower Court awarded judgment in favor of petitioner and against Charles Sheppard, and dismissed the action as against Mr. Pitre and his insurer. The petitioner took a devolu-tive appeal as against Cyril Pitre, Jr. and his liability insurance carrier.
The facts disclose that on the morning of March 13, 1961 at about 1:20 o’clock A.M., Mrs. Dolores Pitre, wife of defendant Cyril Pitre, Jr., was driving her Ford' automobile in a southerly direction on Highway 1, and headed toward Plaquemine,, Louisiana.
At the same time, Charles Sheppard was driving his automobile in a northerly direction on Highway 1. As passengers in the Sheppard vehicle were Cora Mullins, Ethel Gray and Eloise Washington. Cora Mullins was riding on the right hand side of the rear seat in the Sheppard vehicle. Eloise Washington was riding on the rear to the left of Cora, and Ethel Gray was riding on the right hand side of the front seat.
Highway 1 at the scene of the accident is straight and level, of concrete construction, and is a two lane highway with one traffic lane for south bound traffic and the other traffic lane for north bound traffic. The speed limit was sixty miles per hour.
Trooper W. D. Melancon of the Louisiana State Police, and who was one of the investigating officers, testified that he arrived at the scene of the accident at approximately 1:35 or 1:40 o’clock in the morning. The vehicles involved in the collision had not been moved at the time he arrived on the scene. He found both cars situated in the south bound lane of traffic of Louisiana State Highway No. 1, about fifteen feet apart and pointing in an easier *414 ly direction. The two vehicles were completely blocking the south bound lane of traffic.
Trooper Melancon found the point of collision to be in the south bound lane of traffic. He was able to pinpoint the point of impact by a concentration of debris which was left at the point where the cars collided. Although there were a few pieces of chrome and debris scattered over the road, the main concentration of debris, oil and dirt was found wholly within the south bound lane. Trooper Melancon prepared a sketch showing the location of the cars after the accident as well as the point of collision. He located the cars about fifteen feet apart in the south bound lane, with the Pitre vehicle heading in a southeast direction and the Sheppard vehicle heading in a northeasterly direction. He placed the point of impact between the vehicles in the south bound lane at a ■distance of approximately two feet west of the center line of the highway. Trooper Melancon testified that he found no skid marks.
About one hour after the accident, Trooper Melancon questioned Charles Sheppard and Cora Mullins at the hospital in Plaque-mine. He testified that he detected an odor of alcohol from Charles Sheppard but made no conclusion as to whether Sheppard was intoxicated. He also testified that when he interviewed Cora Mullins, she told him that •she did not know how the accident happened, that she was in the back seat of the car and didn’t see a thing.
Trooper Robert Crow who assisted in the investigation of the accident also placed the point of impact in the south bound lane ■and testified that the biggest portion of debris was in the middle of the south bound lane of traffic. With regard to the physical facts of the accident, we also have the evidence of Alvin Doyle, Jr. who qualified as an expert automotive consultant and •analyst. Mr. Doyle testified at great length with regard to the “explosion point” which was caused by the accident. He testified that when two vehicles collide there is an actual explosion or concussion of the cooling systems as well as the batteries which literally explode from an internal force of compression. He stated that the explosion mark on the highway would show the actual position of the cars at the time of the impact. The explosion mark left by this particular accident was oval in shape, five feet wide and three feet long and located entirely in the south bound lane. The center line of the explosion point was eight feet from the west edge of the highway.
Mr. Doyle was of the opinion that the accident took place entirely within the south bound lane. From the position of the steering wheels on the two vehicles, he concluded that the Pitre vehicle was moving straight ahead at the moment of impact and that the Sheppard vehicle was turning towards its left at the moment of impact. He stated that by the position of the steering wheels on the two vehicles these facts could be definitely established.
Mrs. Pitre died as a result of the accident and we are, therefore, not favored with any testimony from her. However, the occupants of the Sheppard vehicle all testified upon trial of the matter.
Charles Sheppard testified that he first saw the Pitre car coming toward him in his lane for some distance away, however he was talking with Ethel and Cora at the time and he took his eyes off the road, and the next thing he knew the Pitre vehicle was directly in front of him and he was unable to do anything to avoid the accident.
This testimony was refuted by Trooper Crow who stated in his testimony, that following the accident, at the Plaquemine hospital, Sheppard told him that he did not know how the accident happened and could not give him any information as to how it occurred.
Sheppard further testified with regard to his actions from some few hours prior to the accident. From his testimony, as well as the other occupants in his vehicle, it appeared that they left the Walk In Bar a short time prior to the accident. Sheppard *415 testified that lie was in the har about fifteen minutes during which time he consumed but one beer. An acquaintance of his, on the other hand, namely Sidney Carter, testified that he saw Sheppard at the Walk In Bar as early as 9:00 o’clock on the evening before the accident and that when he, Sidney Carter, left the club about 10:00 o’clock P.M., Sheppard and the others were still drinking beer.
This testimony by Sidney Carter entirely refutes the testimony of Sheppard and the other occupants of his car who testified that they did not arrive at the club until approximately 12:00 o’clock midnight.
Deputy Sheriff Jeffrey Calligan of the Iberville Parish Sheriff’s Department testified that he was present at the Plaque-mine hospital when Sheppard was brought in following the accident. He testified that he could definitely smell intoxicating liquor on Sheppard and that, in his opinion, Sheppard was so drunk that it was necessary for him to help forcibly restrain Sheppard so the doctor could examine him. Captain Murphy Blanchard of the Plaquemine Police Department assisted Deputy Calligan in restraining Charles Sheppard and also gave as his opinion that he was drunk.
Ethel Gray, who was a passenger in Sheppard’s car, testified that she noticed the Pitre car coming down the road on its right side but engaged in a series of zigzags when it got some thirty or forty feet from the Sheppard vehicle. Cora Mullins testified that she saw the car coming down the road from a far distance on its own side of the highway and did not pay any further attention to it until just before the impact when she noticed it approaching in its left lane, and she then threw herself on the floor of the rear seat.
In view of the serious questions as to the credibility in the testimony of Charles Sheppard, Cora Mullins and Ethel Gray, together with the fact that all of these witnesses have claims against defendant Pitre and his insurer, we certainly do not believe that the Lower Court erred in dismissing this suit as against Cyril Pitre, Jr. and his insurer, State Farm Mutual Automobile Insurance Company.
We feel that the physical facts of this accident disclose without any question that the impact was in the lane of travel rightfully occupied by the Pitre vehicle. The facts further show that shortly after the accident two of the principal witnesses who were riding in the Sheppard vehicle, namely Charles Sheppard himself and Cora Mullins, stated that they had no .idea whatsoever as to how the accident happened.
Coupled with this is the question of alcoholic beverages which had been consumed by Charles Sheppard as shown by the transcript of the testimony.
We find no error in the decision of the Lower Court and, for the reasons herein-above assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to he paid by petitioner.
Judgment affirmed.