CHASEZ, Judge.
This is an appeal from two judgments rendered against the defendant, American Casualty Company, one in favor of plaintiff Howard Moreau in the sum of $5,000.-00, and the other in favor of plaintiff, Traders and General Insurance Company (the collision insurer of the vehicle Moreau was driving), in the sum of $2,133.00.
The suits were filed separately, but as they arose out of the same accident they were consolidated for trial.
*134 The case, as stated by the trial judge in his written reasons, is as follows:
“The accident involved in these consolidated cases occurred on the night of May 24, 1964 about 11:20 P.M. between a 1964 Thunderbird being driven by plaintiff, Howard Moreau and a 1958 Chevrolet owned by Robert J. Dehart, who was killed in the accident without ever being able to give any testimony regarding same. The suit was originally filed by Eddie Moreau individually and on behalf of his minor son, Howard Moreau, but at the time of trial, Howard Moreau had obtained the age of majority and was substituted as the party plaintiff by motion of his counsel. The accident occurred at the intersection of Metairie Road and the lake bound service road of Causeway Boulevard. Accompanying Howard Moreau on the night of the apcident was Brenda Hotard, (now Mrs. Howard Moreau). There were no passengers with Dehart and there were no other eye witnesses to the accident.”
Anthony Joseph Bua, the deputy sheriff for the Parish of Jefferson who investigated the accident, established that the point of impact, as indicated by the debris in the street, was in the center of the right hand west-bound lane of Metairie Road, and the center of the lake-bound service road to Causeway Boulevard.
The record establishes the relative positions of the automobiles as they came to rest after the collision as follows: The Thunderbird was in the right hand westbound lane of Metairie Road with the right rear wheel against the curb, and the front of the vehicle at an angle away from the curb nearly out to the center line of the roadway, and some ten feet beyond the point of impact; the 1958 Chevrolet was found with its left side up against, and nearly wrapped around, a concrete pillar or post on the north side of Metairie Road and the west side of the service road, which post is one of the supports for the Causeway overpass.
Photographs in the record indicate that both vehicles were severely damaged, the Thunderbird sustaining damage to the entire front end, and the Chevrolet sustaining damage to the left front and the left side, next to the driver’s seat.
The trial court found as a fact that, at the moment of collision, the Moreau Thunderbird was travelling in the right hand west-bound lane of Metairie Road, and the Dehart Chevrolet was travelling on Metairie Road in an easterly direction and made a sudden left turn in front of the Moreau vehicle. The trial Court reasoned that having found the Moreau vehicle was in its proper lane of travel, the Dehart vehicle necessarily was in an improper lane, and applied the rule that a driver who is involved in a collision in an improper lane is presumed to have been negligent unless he can show some justification for his being in such lane.
Candor requires us to state that we agree with defendant’s argument that the accident could not have happened in the manner described in the petition and in the trial judge’s reasons for judgment. Setting aside, for the moment at least, any questions involving the credibility of Miss Hotard’s testimony, the mute, physical evidence establishing the location of the point of impact, particularly when taken together with the photographs of the damage sustained by each vehicle, convinces us that the Dehart vehicle was not travelling in an easterly direction on Metairie Road and did not turn suddenly left in front of the Moreau vehicle, for if it had done so, the automobile would not have been severely damaged on the left side, as the photographs clearly indicate, but rather would have been struck on the right side.
There is nothing in the record to support the conclusion that the Dehart vehicle did make a left turn in front of the Moreau vehicle except the testimony of Officer Bua as to what Miss Plotard said to him in the hospital shortly after the accident. At the trial Miss Hotard indicated that she did not make such a statement. We agree *135 with the trial court that the officer was unquestionably telling the truth, but are reluctant, as was the trial court, to reject Miss Hotard’s testimony for this reason alone. Why her testimony at the trial differed in this respect from her earlier statement is unknown. It does appear that her head struck and broke the windshield of the Moreau vehicle and Dr. Marshall A. Burns testified that she was hysterical at the scene of the accident, and it is entirely possible that, as a result of the blow and the shock and confusion following so soon after the accident, she had no recollection of such a conversation. Nor does the fact that she denied having discussed this case with her husband or his attorney, an obvious falsehood since she was one of only two surviving eye witnesses to the occurrence of the accident and such discussion was naturally necessary to the investigation of the incident, lead us to reject her testimony. It is an effective trial tactic for counsel to ask of a witness in the formal and unfamiliar surroundings of a court room such question in such a manner as to imply that having so discussed the case is somehow a bad thing, causing them to react in the manner in which Miss Hotard here reacted. This situation is further enhanced where, as here, the Judge himself, following counsel’s lead, engaged in a similar line of questioning.
While we do not agree that the accident happened as described, we do agree with the crucial finding of fact that the Moreau vehicle was in the right hand west-bound traffic lane of Metairie Road, its proper lane of travel. The affirmative testimony of Howard Moreau is to this effect, as is the testimony of Miss Hotard, and, as indicated above, the credibility of neither has been sufficiently assailed so as to doubt their testimony on this aspect of the case. As this is an established matter of fact, the application by the trial court of the presumption that when a collision occurs in one of two traffic lanes the driver in the wrong lane was negligent and has the burden of showing the accident was not caused by his negligence in driving; in such lane, is, in our opinion, warranted. See Jones v. Continental Casualty Co., 246 La. 921, 169 So.2d 50; Noland v. Liberty Mutual Insurance Company, 232 La. 569, 94 So.2d 671; Mullins v. Pitre, La.App., 181 So.2d 413; Brown v. Head, La.App., 158 So.2d 442; Duhon v. Harkins, La.App., 152 So.2d 85; Travelers Fire Insurance Co. v. Meadows, La.App., 13 So.2d 537.
For this court to attempt to state how the accident occurred from the evidence available in the record would be little more than mere speculation. Suffice it to say that from those physical facts proved, and particularly the photographs showing the damage to the vehicles and of the scene of the accident, there is no conceivable way in which the accident could have occurred and in which the defendant would not have had to have been at fault. The presumption referred to above being properly applied, and the defendant failing to discharge the burden thus placed upon it, the judgments of the lower court in favor of the plaintiffs and against the defendant will be affirmed.
Accordingly, it is ordered, adjudged and decreed that the judgment of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, in its case No. 85,054, in favor of plaintiff Howard Moreau and against the defendant, American Casualty Company, be affirmed, all costs of this appeal to be paid by the defendant appellant.
Affirmed.
For the reasons assigned this day in Case No. 85,054 on the docket of the Twenty-Fourth Judicial District Court for the Parish of Jefferson,
It is ordered, adjudged and decreed that the judgment of that Court in its case No. 86,893, in favor of plaintiff Traders and General Insurance Company, and against American Casualty Company, be affirmed, all costs of this appeal to be paid by the defendant-appellant.
Affirmed.