314 So.2d 535 (1975)
Paul MICHEL, Sr. and Lucy M. Michel
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
No. 10217.
Court of Appeal of Louisiana, First Circuit.
May 19, 1975.
Rehearing Denied July 9, 1975.
*536 John L. Lanier, Thibodaux, for State Farm.
C. Edgar Cloutier, New Orleans, for Edison Chouest, and others, and Fidelity & Cas.
Ernest A. Kelly, Houma, for plaintiffsappellees.
Before LANDRY, BLANCHE and YELVERTON, JJ.
YELVERTON, Judge.
The accident happened in an intersection. Two automobiles traveling intersecting *537 paths were involved. The plaintiff, suing for her personal injuries, was a guest passenger in one of the cars. Both drivers claimed the benefit of a green light. The trial judge heard evidence on the question of fault. He concluded that the plaintiff guest passenger was innocent of contributory negligence or assumption of risk. He then concluded, citing the case of Poche v. Frazier, 232 So.2d 851 (La. App., 4th Cir., 1970), that it was appropriate in the determination of fault in the case to apply the principle that when an innocent party is injured through the concurrent acts of two parties under circumstances where one or the other must be at fault, the burden is upon these parties to exculpate themselves from negligence. Concluding from the evidence that neither driver had exculpated himself from negligence, the trial judge rendered judgment against their insurers in solido. Both insurers appealed.
Two issues of law are presented:
1. Does the application of the above mentioned rule of law, that joint tortfeasors bear the burden of exculpation where their actions result in injury to an innocent third party (a rule of law which we will herein call the Poche rule), relieve the trier of fact from the duty to reconcile the testimony of all the witnesses and make a specific finding of negligence as to each of the two defendants?
2. Does the Poche rule apply where the innocent third party plaintiff happens also to be a guest passenger in one of two moving and colliding vehicles whose drivers have the duty to exculpate?
Before discussing these issues, it is necessary that we first identify the parties and the facts of the accident.
FACTS OF THE ACCIDENT
The collision occurred on June 12, 1970, at 2:00 o'clock p. m. at the intersection of High and Lafayette Streets in Houma, Louisiana. The intersection was controlled by an electric traffic signal. The police inspected the signal immediately after the collision and found that it was working properly.
One of the cars was driven by Lucy Michel Thibodeaux. The plaintiff, Mrs. Lucy M. Michel, mother of Mrs. Thibodeaux, was a guest passenger in the Thibodeaux vehicle. The public liability insurer of this vehicle, State Farm Mutual Automobile Insurance Company, was a defendant and it is one of the parties appealing the decision of the trial court.
The other car in the accident was driven by Laney Chouest, a minor. This car was owned by Edison Chouest, Laney's father. Edison Chouest and his public liability insurer, The Fidelity & Casualty Company of New York, were defendants in the trial court and they are also appealing that judgment.
The cars collided in the intersection causing injuries to Mrs. Michel, the guest passenger in the Thibodeaux car.
Both drivers, Lucy Michel Thibodeaux and Laney Chouest, claimed the benefit of the green light at the time of the collision. Each driver testified that he checked the light and found it green just prior to entering the intersection beneath it. The passengers in each of the cars generally corroborated the testimony of their drivers.
The trial court made a specific finding of fact that the plaintiff guest passenger was innocent of negligence. It did not make a specific finding of negligence as to either defendant. It simply applied the Poche rule and rendered judgment against both of the defendants. Thus it is that the two assignments of error are presented to us which we will now proceed to discuss individually.
1. DOES THE APPLICATION OF THE RULE OF LAW THAT JOINT TORT-FEASORS BEAR *538 THE BURDEN OF EXCULPATION WHERE THEIR ACTIONS RESULT IN INJURY TO AN INNOCENT THIRD PARTY RELIEVE THE TRIER OF FACT FROM THE DUTY TO RECONCILE THE TESTIMONY OF ALL THE WITNESSES AND MAKE A SPECIFIC FINDING OF NEGLIGENCE AS TO EACH OF THE TWO DEFENDANTS?
When an innocent party is injured through the concurrent acts of two parties under circumstances where one or the other must be at fault, the burden is upon these parties to exculpate themselves from negligence.
Although this rule of law is not untroublesome in application (as evidenced by this very case), it is well settled that where an automobile collision case involves an innocent third party plaintiff and two or more defendants whose simultaneous negligence is alleged to have caused the accident and resulting injuries, the plaintiff is placed in a preferred status as to burden of proof, a status akin to the plaintiff in a res ipsa loquitur situation. Where the elements exist which invoke the application of the rule, all the plaintiff has to do is prove his innocence, put on a prima facie case indicating that one or the other of the defendants must be at fault, and then await the outcome of the fact finding process confident that at least one defendant will be found responsible. Each defendant has a chance of avoiding the consequences of the resulting presumption if he can prove his innocence.
In the Poche case, cited supra, three cars were involved. Poche was a passenger in one, and the drivers of the other two were accused of negligence. The Fourth Circuit affirmed the jury's findings of fact absolving the plaintiff Poche of any negligence and holding the two drivers guilty of negligence which proximately caused the accident. Other cases which have applied the rule are Brown v. Southern Farm Bureau Casualty Ins. Co., 248 La. 943, 183 So.2d 313 (1966); Nelson v. Zurich Ins. Co., 247 La. 438, 172 So.2d 70 (1965); Benjamin v. Pizzalato, 245 So.2d 740 (La.App., 4th Cir., 1971); Ashenfelter v. Gertrude Geddes Willis Life Ins. Co., 209 So.2d 299 (La.App., 4th Cir., 1968); Dominique v. Insurance Co. of North America, 195 So.2d 312 (La.App., 4th Cir., 1967); Westchester Fire Ins. Co. v. Dardar, 158 So.2d 239 (La.App. 4th Cir., 1963); Equitable Fire & Marine Ins. Co. v. Allstate Ins. Co., 137 So.2d 366 (La.App., 4th Cir., 1962); Emmco Ins. Co. v. Liberty Mutual Ins. Co., 138 So.2d 822 (La.App., 4th Cir., 1962); Insurance Co. of North America v. Gore, 106 So.2d 471 (La.App., 4th Cir., 1958), and Weddle v. Phelan, 177 So. 407 (La. App., 1st Cir., 1937).
The rule espoused by these cases is a rule of evidence, not of substantive law. The rule does not exempt a plaintiff from the ultimate requirement that he prove his case. It merely provides the plaintiff with an early advantage in the trial of the case. This advantage, however, may be obtained only after the plaintiff has first proved his own innocence and then that the circumstances compel a finding that one or the other of the defendants was at fault. With these elements in, the plaintiff has made a prima facie case. The burden of proof is then shifted to the defendants to exculpate themselves. Defendants may not exculpate themselves by a simple denial of their own negligence, since mere negative testimony without proof of facts and circumstances sufficient to give it affirmative force cannot overcome the prima facie case. Since one of the elements of proof required to invoke the rule is that plaintiff prove facts and circumstances that show one or the other of the defendants must be at fault, a finding of negligence on the part of at least one defendant is mandated by logic. As the trial develops in such a case, the only practical method by which a defendant may exculpate himself is to prove the negligence *539 of the other defendant. At the conclusion of trial, if the doctrine has been applied in the proper case, the trier of fact is faced with one of two decisions: whether to find both defendants negligent or only one defendant negligent. In no case can a trial court find that both defendants exculpated themselves, because it is basic to an application of the rule that one or the other of the parties must have been at fault. If both parties were innocent, then the rule was not applicable in the first place.
The assistance which the rule was intended to give to an innocent plaintiff in a proper case was never intended as a means whereby the plaintiff might circumvent the ordinary requirements of burden of proof and bring down two defendants with one shot; it was meant only to assure that the plaintiff would get the benefit of the rule for the purpose of showing at least one defendant was responsible. It was never intended, as between the two defendants in a case, to make it more difficult than in any ordinary lawsuit for a defendant to avoid a finding of his own negligence. The application of the rule lies only where common sense based on the apparent facts suggest no other alternative than that somebody was negligent as between the two defendants. In short, where common sense and ordinary reason compel a finding on the basis of the ostensible facts that one or more of the multiple defendants in a case have to be guilty of negligence, the doctrine is available to the plaintiff. It then becomes the duty of the defendants to prove as among themselves which one was at fault, or stated another way, each must exculpate himself from fault.
Although the presumption is available to give an innocent plaintiff a procedural advantage to compensate him for the disadvantage he presumably suffers from not knowing the facts, this does not mean that the trier of fact is relieved of the responsibility of making a determination as between potentially responsible defendants as to which one of them was guilty. The trier of fact is still required under his duty to reconcile conflicting testimony to make a determination of fact that will do justice to the case and determine who is the guilty party. After the evidence is all in, if a difficult and close factual situation is presented as to whether both of the defendants are liable or only one of them is liable, the trier of fact may not escape such a determination by relying upon the Poche rule as a means of holding both defendants responsible and avoiding a determination of the actual guilt of each.
While the trial judge herein was correct in his application of the Poche rule herein discussed, we hold that he erred in failing to carry out his duty to reconcile the conflicting testimony and to make a determination of negligence specifically as to each defendant on the facts of this case. The duty to reconcile was explained by Judge Tate (now Justice) in a concurring opinion in Marcantel v. Aetna Casualty and Surety Co., 219 So.2d 180 (La.App., 3rd Cir., 1969), where the appellate court was confronted with another incident of a trial judge's inability to decide in a headon collision, when he said:
"The function of the courts is to settle the disputes of the parties presented by litigation brought for that purpose. This purpose of litigation to settle disputes requires an adjudication of which of two irreconcilable versions is correct, when either one party or the other must necessarily win, depending on which version is correct. In these circumstances the adjudicative function is not fulfilled when the trier calls it a tie and lets neither party win. (Similarly, the trier cannot refuse to decide a close question of law, resolution of which is necessary to adjudicate which party must win, when only by a failure to decide this issue may neither party have the merits of his claim decided favorably, and when one party or the other must necessarily prevail if the legal issue is resolved.)"
*540 The duty of the trier of fact to reconcile conflicting testimony in fact situations similar to the instant case is implicit in Derouen v. American Employer's Insurance Company, 240 La. 486, 123 So.2d 896 (1960). This case involved a guest passenger in one of two cars colliding at an intersection. The guest passenger alleged the negligence of both drivers. In their answers to the petition, each driver pointed the finger of blame to the other alleging that she had run the red light, among other acts of negligence. The trial judge found that it was impossible from the evidence to determine which driver was responsible and therefore that the plaintiff had failed to make out her case. The Court of Appeal agreed. Writs were granted by the Supreme Court. After analyzing the testimony the Supreme Court, noting that the case "... should be treated as one of negligence with respect to the actions of the drivers on the one hand, and the guest passenger on the other", reversed the lower courts and made a specific finding of fact that each of the drivers was at fault for waiting too late to observe the traffic signal.
The duty to make specific findings of fact and reconcile conflicting versions of the testimony was explicitly emphasized by the Supreme Court in Nelson v. Zurich Ins. Co., cited supra. This was a collision at an intersection controlled by a traffic light with both drivers claiming that the other had violated the red light. The lower courts found the testimony irreconcilable. The following language from that case suggests the basis on which the Supreme Court posited the issue presented to it:
"Counsel for plaintiff maintain the courts below, having concluded the plaintiff was free from negligence and had sustained the injuries complained of as a direct result of the negligence of one or both of the drivers, had a duty to choose between the conflicting versions and to decide the case according to the applicable legal principles that had been developed to deal with such situations; and if unable to do so, the plaintiff, having proven the accident could not have happened but for the negligence of one or both of the drivers of the two vehicles, made a prima facie case of negligence and the burden then shifted to each driver to exculpate himself from negligence, and each must be deemed guilty of negligence per se in the absence of any proof to the contrary."
The court then proceeded to an analysis of the facts and, in the process of finding that only one of the drivers was negligent in the case, made the following comments concerning the duty of the trier of fact to reconcile, if possible, apparent contradictions in testimony:
"From the foregoing, it is obvious that the opposed versions are irreconcilable, hence we must resort to the application of the well recognized rule that: `Where witnesses differ, the courts should reconcile, if possible, the apparent contradictions their testimony presents. If this cannot be done, then probabilities or improbabilities of their respective statements must be considered in light of their capacity, opportunity or incentive for observation, the amount of corroboration, if any, and the degree of proof required.' Fridge v. Talbert, 180 La. 937, 158 So. 209. See also, Cockrell v. Penrod Drilling Company, 214 La. 951, 39 So. 429; Fogelman v. Interurban Transp. Co., 192 La. 115, 187 So. 73.. . ."
The duty of the trier of fact to reconcile conflicting testimony is further demonstrated by Brown v. Southern Farm Bureau Casualty Ins. Co., cited supra. This was a head-on collision resulting in consolidated actions brought by the driver and passengers of each vehicle, based on the negligence of the driver of the other vehicle. Both the trial court and the Court of Appeal were unable to determine which driver was negligent: they dismissed all *541 claims in both suits. On writs, the Supreme Court noted that the principle error of law in the judgments of the lower courts was in failing to place the burden of exculpation of negligence upon the defendants. The Supreme Court then concerned itself with whether negligence could be attributed to both drivers or only one of them and then concluded from the evidence: ". . . that Willie Brown (one driver) exculpated himself from negligence and proved with reasonable certainty that Wilfred Ragette (the other driver) was driving over the center line of the highway." (parenthetical inserts ours) The duty to analyze and rationalize conflicting testimony was specifically recognized by the court.
Just as the adjudicative function is not fulfilled when the trier of fact calls the case a draw and lets neither party win, under circumstances where it is obvious that somebody has to be at fault, neither is the adjudicative function fulfilled when the trier of fact applies the presumption involved in this case for the benefit of the plaintiff but fails to complete the fact finding process and make specific findings of negligence for the benefit of the two defendants. One defendant could be innocent. We conclude that the trial court's duty to reconcile requires it to make specific findings of fact with regard to each defendant in the case, as to that defendant's negligence, and we will remand with instructions to the trial judge to make such determinations.
2. DOES THE POCHE RULE APPLY WHERE THE INNOCENT THIRD PARTY PLAINTIFF HAPPENS ALSO TO BE A GUEST PASSENGER IN ONE OF TWO MOVING AND COLLIDING VEHICLES WHOSE DRIVERS HAVE THE DUTY TO EXCULPATE?
No sound reason has been presented why, if the Poche rule is to apply at all, it should not apply to a guest passenger in one of two moving and colliding vehicles. The Supreme Court cases of Nelson v. Zurich Ins. Co. and Brown v. Southern Farm Bureau Casualty Ins. Co., cited supra, involved guest passengers, as did the Court of Appeal cases of Weddle v. Phelan, Poche v. Frazier and Benjamin v. Pizzalotta, cited supra.
It should be noted that while the plaintiff availing himself of the benefits of this rule is free of one burden that he normally must bear, that is, the burden of going forward with the evidence, he has another burden imposed upon him which he normally does not have to bear and that is, proving his own freedom from fault as a prerequisite to recovery, because it is only after evidence has gone in eliminating his fault that he qualifies as an innocent third party. For these reasons, we fail to see why a guest in one of two colliding cars should be treated any differently from any other plaintiff in circumstances where the application of this rule is justified, for in order to avail himself of the rule, the plaintiff must first shoulder the burden of proof that he was innocent of any involvement in the accident. There is no soundness in discriminating against a plaintiff for the sole reason that the plaintiff was a guest in one of the colliding cars. What matters is the plaintiff's innocence, not his location. To the extent that he permitted the application of the rule to the guest passenger in the instant case, the trial judge was correct.
However, as we have hitherto observed, the trial court failed to make specific findings of negligence on the parts of the defendants herein, and accordingly, the matter will be remanded with instructions that the trial judge proceed to make a determination of fact with regard to the specific negligence of each of the defendants. We do not here mandate a finding that only one of the defendants was at fault. Nor do we mandate a finding that both defendants *542 were at fault. We remand with instructions that the trial court make a determination as to fault as to each defendant.
Remanded.