YELVERTON, Judge.
A jury awarded Joseph Green, Jr., $1500 in damages. He appeals, claiming that the award is clearly inadequate. The amount *319 of the award is the only issue before us. Our review of the record reveals no manifest error. We affirm.
The accident from which the case arises occurred in the City of Lake Charles on June 20, 1979. Green’s car was in collision with one driven by the defendant, Claudia M. Rollins, who was insured by the other defendant, Allstate Insurance Company. Liability was stipulated. The Rollins’ ear was undamaged. Green’s car was damaged in the amount of $650. Allstate paid Green the property damage before trial.
After he got home following the accident Green began to experience arm and neck pain. On some undisclosed later date he made an appointment to see Dr. William Akins, an orthopedist. Dr. Akins examined him on July 16, 1979. The doctor’s initial impression at this examination was that the patient had a mild straining injury of the cervical spine and a contusion of the flexor muscles of the left forearm. Dr. Akins saw plaintiff again on September 4, 1979, at which time there was no further complaint of neck pain. He continued to have a left arm problem. However, this problem was now in a different location from that described by the patient on his first visit. At the time of the first visit, the complaint of pain involved the inner aspect of the left forearm. On the second visit, the complaint was referable to a different muscle group, the left biceps area in the front part of the upper arm, with pain spreading down to the outer part of the forearm just below the elbow joint. This new complaint was typical of what the doctor described as a tennis elbow. Dr. Akins saw Green three more times: March 10, 1980; April 14, 1980; and October 17, 1980. Between the March and April visits the doctor referred the patient to a physical therapist for a series of treatments. These treatments consisted of electrical stimulation, whirlpool, and stretching exercises. When he last saw the doctor in October of 1980, plaintiff told Dr. Akins his left elbow was still bothering him, but there was some improvement. Green testified at the trial that the left elbow was still hurting.
Green traced his left tennis elbow to the accident of this case. The jury learned while he was on cross-examination that he also had a tennis elbow of the right arm. The right arm problem began in 1978, before this accident happened. The right arm was being treated by another orthopedist, Dr. David Drez of Lake Charles. In May of 1980 Dr. Drez performed an operation on the right arm. The treatment of the right arm by Dr. Drez was taking place during the same period of time that plaintiff was seeing Dr. Akins for the claimed injury to the left arm. There was no claim made that this accident had anything to do with the right tennis elbow. Green testified at trial that the right elbow also was still troubling him.
The jury returned a general verdict awarding a total of $1500. Although the award was not itemized, it can be assumed that the jury gave consideration to plaintiff’s claims for special damages, as it was instructed by the trial judge to do so. Dr. William Akins’ bill for treatment came to a total of $321. The bill for the services rendered by the Lake Charles Physical Therapy Clinic was $120. The jury may not have included all of the medical expenses in the award if it concluded, as it apparently did, that the left tennis elbow was not causally related to the accident. Allstate, the insurer of the appellee, paid the $650 property damage to Green before suit was filed. Since plaintiff admitted this to the jury, undoubtedly it did not include that item in its award. Green testified that he lost 10 days in wages. There was no other proof of wage loss although plaintiff was at all relevant times regularly employed by the same employer in Lake Charles and proof should have been easily available. The jury probably concluded that plaintiff suffered no lost wages.
Civil Code Article 1934(3) provides that, “. . . much discretion must be left to the trial judge or jury”, in the assessment of general damages. A jury award for damages will not be modified on appeal unless it can be determined that the amount awarded was clearly wrong. Coco v. Winston *320 Industries, Inc., 341 So.2d 332 (La.1977); Reck v. Stevens, 373 So.2d 498 (La.1979).
Based on our thorough review of the record, we cannot say that the award was clearly wrong. The neck sprain was apparently of short duration. The circumstance of plaintiffs’ having double tennis elbows, one clearly not related to this accident, but caused at work, and the other not revealed to his doctor until three months after the accident, might well have been a significant factor in the jury’s evaluation of the causative relationship between the left arm condition and the accident. Thus, there is justification in the record for the jury to believe that there was very little pain and suffering resulting from the neck injury, and a highly suspect linkage between the accident and the left tennis elbow. The assessment of credibility of witnesses is best left to the trier of fact. Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973).
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against the plaintiff-appellant.
AFFIRMED.