GUIDRY, Judge.
This suit arises from personal injuries sustained by the plaintiff, Mark B. Hoyt, in an accident which occurred on November 11, 1979 on a privately owned dirt road in Natchitoches Parish, Louisiana. Hoyt was a passenger in a dune buggy owned and operated by David Johnson when it collided head-on with a vehicle driven by Charles R. Williams.
The plaintiff Hoyt filed suit on April 2, 1980, against David Johnson and his insurer, Western Casualty Insurance Company (hereafter Western Casualty), against Charles R. Williams and his insurer, State Farm Mutual Automobile Insurance Company (hereafter State Farm), and against State Farm as the uninsured motorist carrier for the plaintiff. On April 22, 1980, answer was filed on behalf of Charles Williams and State Farm as his insurer. Subsequently, Hoyt settled his claim against Williams and State Farm in its capacity as Williams’ liability insurer, resulting in a judgment of dismissal as to those parties. In connection with this agreement, State Farm paid to the plaintiff $10,000.00, the limit of its liability on the Williams’ vehicle. The judgment was signed on May 7, 1980, reserving the right of the plaintiff to proceed against all other defendants, including State Farm in its capacity as uninsured motorist carrier for the plaintiff.
The defendants, David Johnson and his insurer, Western Casualty, answered plaintiff’s petition on May 28, 1980. The plaintiff reached a similar compromise with these defendants, whereby Western Casualty paid to the plaintiff the limit of its bodily injury liability, $10,000.00, plus $2,000.00 in medical payments coverage. A judgment of dismissal releasing Johnson and Western Casualty was signed on July 16, 1980, reserving to the plaintiff the right to proceed against State Farm in its capacity as uninsured motorist carrier and all others not released.
Following the release of these defendants, the plaintiff Hoyt learned that, at the time of the accident, Charles R. Williams *1256 was acting in the course and scope of his employment with the Natchitoches Parish Police Jury. The plaintiff filed an amended and supplemental petition on October 30, 1980 adding the Police Jury and its insurer, Reliance Insurance Company (hereafter Reliance) as parties defendant.
The merits of the case were tried to a jury. The issues presented to the jury were (1) whether either or both of the drivers were negligent; (2) whether such negligence caused the plaintiffs injuries; and, (3) the amount of damages to which the plaintiff was entitled. The jury returned a special verdict, finding (1) that Charles Williams was not negligent; (2) that David Johnson was negligent and such negligence resulted in the injuries to the plaintiff; and, (3) that the plaintiff was entitled to special damages in the amount of $10,000.00 and general damages in the amount of $90,-000.00. Judgment was rendered on November 25, 1981, in accordance with the jury verdict, in favor of the plaintiff Hoyt against the defendant, State Farm, in the amount of $100,000.00, subject to a credit in favor of the defendant, State Farm, in the amount of $10,000.00, being the amount received by Hoyt from Johnson and Western Casualty. Judgment was also rendered in favor of the defendants, Natchitoches Parish Police Jury and Reliance, dismissing the claims of the plaintiff against them.
The plaintiff Hoyt has appealed, citing as error the failure of the trial court to find Charles Williams negligent and the insufficiency of the damages awarded. Defendant-appellant, State Farm, joins Hoyt in asserting error of the trial court in failing to find Charles Williams negligent. Defendants-appellees, Natchitoches Parish Police Jury and Reliance argue that there was no abuse of discretion on the part of the jury in finding Williams free of negligence. However, should it be found that the trial court erred, they argue, in the alternative, that plaintiff-appellant’s claims against them should be dismissed as a result of the release and judgment of dismissal in favor of Charles Williams and State Farm, executed without an express reservation of rights against the Police Jury or Reliance. They further argue that absent a dismissal of the claim against them they are at least entitled to a reduction of damages of one-half (Vá), as against them, as a result of the release of the tortfeasor, David Johnson.
For the reasons which follow, we affirm the jury’s determination that Charles Williams was free from negligence-on the occasion in question. Our affirmation on this issue makes consideration of the alternative issues raised by appellees unnecessary.
On November 11, 1979, during the late morning hours, Mark B. Hoyt was a passenger in a dune buggy being driven by David Johnson. The two men were returning from a hunting trip in a wooded area near Grand Ecore in Natchitoches Parish. As the dune buggy reached the crest of an incline on a privately owned dirt road, it collided head-on with a 1970 Ford Maverick being driven by Charles R. Williams. Each driver testified that there was no way to avoid the collision when he encountered the approaching vehicle at the crest of the hill. It is conceded by all parties that at the time of the accident, Charles Williams was acting in the course and scope of his employment with the Natchitoches Parish Police Jury.
Eighteen days after the accident, on November 29, 1979, Charles Williams gave a statement concerning the accident to Jack Rockhold, a claims agent for State Farm. During the course of the interview, Williams stated that the road on which the accident occurred was a one-lane road, and that vehicles travelling in different directions on the road would have to use the same lane.
At the trial, David Johnson testified that the road was a one lane road; that there were only two “ruts” in the road marking the path taken by vehicles using the road; and, that the road was not wide enough for two vehicles to pass without colliding. He testified that he was travelling on the “beaten path” in the center of the road at the time of the collision, and that the Williams vehicle was occupying the same set of tracks in the center of the road.
*1257 Charles Williams testified at the trial that, although the road was, for the most part, a one-lane woods road, the section of the road at and near the crest of the hill was wide enough for two cars to pass without colliding. He testified further that he was not in the worn area, i.e., the “ruts” in the center of the road, and that he was travelling as far to the right as was possible. When the statement Williams had previously given to Rockhold was called to his attention, Williams testified that the statement was the truth as he understood it at the time, but after viewing photographs of the scene of the collision, he became convinced that he was travelling on the right side of the road rather than in the center.
Also offered in evidence were the photographs of the scene of the collision and of the road on both sides of the crest of the hill on which the accident occurred. Mark B. Hoyt was unable to testify as to the width of the road at the point of the collision or as to the paths taken by the vehicles because at the time of the accident he had his cap pulled down over his eyes in order to shield himself from the cold wind as he rode in the open dune buggy.
The issue we must resolve is whether or not the finding of the jury that Charles Williams was not negligent is clearly erroneous.
The jury was instructed that when an innocent third party is injured as a result of a collision between two drivers, each of the drivers is deemed guilty of negligence per se and the burden of proof falls on each to exculpate himself from negligence proximately causing the injury to the third party. Poche v. Frazier, 232 So.2d 851 (La. App. 4th Cir.1970).
The application of the Poche rule was clarified by our brethren of the First Circuit in Michel v. State Farm Mutual Automobile Insurance Co., 314 So.2d 535 (La. App. 1st Cir.1975) where it was stated:
“The rule does not exempt a plaintiff from the ultimate requirement that he prove his case. It merely provides the plaintiff with an early advantage in the trial of the case. This advantage, however, may be obtained only after the plaintiff has first proved his own innocence and then that the circumstances compel a finding that one or the other of the defendants was at fault. ' With these elements in, the plaintiff has made a pri-ma facie case. The burden is then shifted to the defendants to exculpate themselves. "
The appellants contend that the burden placed upon Charles Williams to prove himself free from negligence has not been met, i.e., that the presumption of negligence on his part has not been rebutted.
While we entertain some doubt as to the correctness of the Poche rule, the jury, after being instructed as to the applicability of this rule, nevertheless found that the defendants-appellees carried their burden of exculpating Charles Williams of negligence. Presumably, the jury was impressed with the testimony of Charles Williams and the photographic evidence presented in support thereof.
At trial, Williams testified that he was driving as far to the right hand side of the road as was possible, and that the road was wide enough for two cars to pass without colliding. Williams’ testimony as to the width of the section of road at and near the crest of the hill is corroborated by the photographic evidence. If the jury accepted this testimony, as we assume they did, then a finding that Williams was not negligent would be supported by ample evidence and would not be erroneous unless the jury was clearly wrong in accepting Williams’ testimony as true. In short, the question is one of credibility.
Appellants argue that the statement given by Williams to the State Farm agent shortly after the accident is entitled to greater weight than his contrary testimony at trial. While the trial court must consider such a prior statement in determining credibility, we are unable to agree that the jury was clearly wrong in accepting Williams’ testimony at trial. In his statement to the State Farm agent, Williams stated that the road was a one-lane road, and that *1258 vehicles travelling in different directions would have to use the same lane. At trial, he testified that the road was a one-lane road, but that at and near the crest of the hill it became wide enough for two cars to pass. He never changed his description of the road as a one-lane road. At trial, he merely qualified it by saying that at the crest of the hill it becomes wide enough for two cars to pass. We cannot say that the statement given to the agent and his testimony at trial are clearly irreconcilable.
The trier of fact has wide discretion in making factual determinations. When a factual determination is made on the basis of the jury’s evaluation of the credibility of witnesses, that finding should not be disturbed absent a clear showing of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, writ granted, 359 So.2d 1303 (La.1978), 365 So.2d 1330 (La.1978) on remand, 370 So.2d 1262 (La.App. 3rd Cir.1979); Bertrand v. Aetna Casualty & Surety Company, 306 So.2d 343 (La.App. 3rd Cir.1975). Our careful review of the record reveals no clear showing of error in the jury’s determination.
Because we hold that the jury finding that Charles Williams was not negligent is not clear error, it is unnecessary for us to consider the alternative arguments raised by the appellees.
QUANTUM
The jury returned a verdict in favor of the plaintiff against State Farm in the amount of $100,000.00, i.e., $10,000.00 in special damages and $90,000.00 in general damages. The $90,000.00 general damage award is not itemized. The judgment made the award subject to a credit in the amount of $10,000.00, that being the amount received by the plaintiff from Western Casualty for its account and for the account of its insured, David Johnson. Thus, State Farm was cast in judgment for $90,000.00. Insofar as State Farm’s policy limits of $100,000.00 have not been exhausted, we consider the plaintiff’s claim that the damages awarded were insufficient to compensate the plaintiff for his injuries.
The plaintiff Hoyt’s injuries consisted of a laceration on the forehead, laceration of the tongue, fracture of the index finger and the third finger on the right hand, fracture of the left forearm, a cerebral concussion, a fracture of two ribs, and various bruises and contusions. The permanent éffect of the injuries to Hoyt were pain and impairment of the right hand, and in particular the right index finger, a tingling and numbness of his scalp, and pain and impairment of the left elbow. State Farm’s expert, Dr. C.W. Lowrey, assessed the disability in the right hand at 20% and that in the left elbow at. 5%. Experts in the field of drafting assessed Hoyt’s impairment of work capacity at 35%.
At the time of the accident, Mark Hoyt was employed by a Natchitoches architect as an architectural draftsman. Due to the injuries to his right hand he was unable to continue working in that phase of drafting due to the complex and detailed drawing required. However, he was able to secure employment with a civil engineer in Natchi-toches as an engineering draftsman. The plaintiff contends that architectural drafting is more financially rewarding than engineering drafting, and his principal argument with regard to quantum is that the jury failed to adequately compensate him for loss of earning capacity. - While it may be true that Hoyt’s earning capacity as an architectural draftsman is impaired, it was also established that he was earning more as an engineering draftsman after the accident than he was as an architectural draftsman before the accident. In addition, plaintiff’s own witness, Dr. Richard Galloway, an expert in vocational rehabilitation, testified that Hoyt had the capacity to retrain in a number of different areas in which his earning capability would be equal to or greater than it was in the field of architectural drafting.
The jury has wide discretion in determining the appropriate amount of damages. Before a Court of Appeal can disturb a quantum award, the record must reveal *1259 that the jury abused its discretion, and then the award is to be amended by lowering or raising it to the highest or lowest point which is reasonably within the discretion of the court. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Green v. Rollins, 406 So.2d 318 (La.App. 3rd Cir.1981). Our review of the record convinces us that the jury did not manifestly abuse its discretion in awarding the plaintiff $90,000.00 in general damages.
Accordingly, for the reasons assigned, the judgment appealed from is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED.