ALLEN M. BABINEAUX, Judge Pro Tern.
These consolidated cases, Perrodin v. Highland Insurance Co., et al., 488 So.2d 235 (La.App.1986), Perrodin v. Highland Insurance Co., et al., 488 So.2d 238 (La. App.1986) and Jolivette, et ux. v. Highland Insurance Co., et al., arise as the result of a two vehicle collision which occurred June 17, 1983, at the intersection of Highway 171 and Opelousas Street in Lake Charles, Louisiana. The trial court rendered judgment dismissing all plaintiffs’ claims because no negligence on the part of any defendant was established. Appeals from this decision were taken by the Jolivettes, Winnefred Perrodin, Rosalind Perrodin, and Allstate Insurance Company. We will consider all three of these cases in this opinion but will render separate opinions in each appeal.
On June 17,1983 between 4 o’clock and 5 o’clock in the afternoon, Donald L. Jordan was proceeding south on highway 171. At the Opelousas Street intersection he entered the left turn lane and came to a stop. Mr. Jordan, an employee of Halliburton, was driving a tractor trailer unit, an eighteen wheeler, which was owned by his employer. Another Halliburton employee driving a similar vehicle was following Mr. Jordan and stopped behind him in the left turn lane. This driver of the second truck did not testify at the trial. Beth Williams, also a Halliburton employee, stopped next to Mr. Jordan’s truck at the intersection.
At this same time Sheila Jolivette was driving a 1983 Cutlass Supreme north on highway 171 in the outside lane of travel. Passengers in the Jolivette automobile included Mrs. Jolivette’s two year old daughter, Joy, Winnefred Perrodin and Rosalind Perrodin. As Mrs. Jolivette neared the intersection, Mr. Jordan commenced his left turn onto Opelousas Street. The accident made subject of this lawsuit then occurred.
Mrs. Jolivette sued Donald Jordan and Highland Insurance Company (the insurer of Halliburton) for damages she suffered and her husband, Wilfred Jolivette, Jr., sued the same defendants for his individual damages and for damages incurred by their minor daughter, Joy.
Winnefred Perrodin and Rosalind Perro-din sued Jordan and Highland, in separate suits, for the injuries they sustained while riding as guest passengers in the Jolivette automobile. Each later filed a supplemental and amending petition naming Allstate Insurance Company, the insurer of the Joli-vette vehicle, as an additional defendant, in the event the trial court should find Sheila Jolivette negligent.
All of these actions were tried together pursuant to an order of consolidation.
*237 Allstate Insurance filed a petition of intervention in the Jolivette suit seeking recovery of monies paid by it to the above identified plaintiffs pursuant to the contract of insurance issued to the Jolivettes. The parties have stipulated these amounts total $7,689.77.
Finally, Highland Insurance filed a re-conventional demand naming Wilfred Joli-vette, Jr., Sheila Jolivette and Allstate Insurance Company as defendants in recon-vention. All of these defendants in recon-vention responded with an exception of prescription to Highland’s petition.
The intersection where the accident occurred is controlled by traffic signal lights. Mrs. Jolivette and her adult passengers all testified that the light was green as they entered the intersection. Donald Jordan testified he proceeded into the intersection on a green arrow. Beth Williams testified that she observed a green arrow for Mr. Jordan’s lane as he entered the intersection.
The investigating officer, Sgt. Lamb, testified that he inspected the traffic signals after the accident and they were not malfunctioning. He testified as to the normal sequence of the signals at this intersection. The north bound and south bound traffic along highway 171 face solid red signals while the traffic on Opelousas is favored with green. Then all six signals on 171 (three signals for each direction) turn to green, however, a motorist wishing to turn left from 171 has an unprotected signal only. Thereafter the signals controlling the through traffic turn to amber and then red. Motorists turning left are then favored with a green arrow. Sgt. Lamb testified that this sequence is reversed from nearly all others in Lake Charles.
The trial judge, believed each driver entered the intersection on a green signal. He stated in his reasons for judgment that “possibly the traffic signals malfunctioned at that particular time so that the responsibility for this accident may be elsewhere.” He further fortified this conclusion by noting that there was no testimony showing that the signals were inspected through simultaneous observations from both directions.
Under the circumstances of this case, we are bound to uphold the decision of the lower court unless we find that manifest error was committed by the trial judge. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Our review of the evidence convinces us that there are irreconcilable conflicts in the testimony of the various witnesses. The trier of fact concluded that all of the witnesses were credible and the record shows no cause to overturn this finding. The trial court’s conjecture that the traffic signal may have malfunctioned, causally contributing to this accident reflects his view that the evidence presented did not rule out this possibility.
We feel the principal of law enunciated in Michel v. State Farm Mutual Automobile Insurance Co., 314 So.2d 535 (La.App. 1st Cir.1975) which was cited by plaintiffs’ counsel is inapplicable because it has not been shown in the present case that one or more of the drivers must necessarily be at fault. The evidence presented does not rule out the possibility that the traffic signal malfunctioned thereby contributing causally to this accident.
We have carefully reviewed all of the facts and are unable to discern actionable negligence on the part of either driver. We have considered the principals stated in Nelson v. Zurich Insurance Co., 172 So.2d 70 (La.1965) and conclude that it is not possible to reconcile the conflicting evidence under the circumstances of this case.
Considering the circumstances and the facts of this case, we feel that the lower court essentially decided that the plaintiffs had failed to carry their burden of proof. We find no error in this ruling and, consequently, we affirm.
For the reasons assigned the judgment of the lower court dismissing the petition of Sheila and Wilfred Jolivette, Jr. is affirmed. We additionally affirm herein the dismissals of Highland’s reconventional demand and Allstate’s intervention. All costs *238 of this appeal shall be shared equally among the appellants.
AFFIRMED.