| PEATROSS, J.
In this tort action, Defendants, Lee F. Ray, Kenneth Beaubouef and Alliance Casualty and Reinsurance Company (“Alliance”) (erroneously named as Adriatic Insurance Company ), the public liability insurer of the eighteen-wheeler involved in the accident, were dismissed on summary judgment; and Plaintiffs, Jennifer Anne O’Donnell and Tammy Cheryl Vines, appeal. For the reasons stated herein, we affirm.

FACTS AND PROCEDURAL BACKGROUND

This appeal arises out of an automobile accident which occurred on November 16, 1998, in Winnfield, Louisiana. Plaintiffs Jennifer Anne O’Donnell and Tammy Cheryl Vines were passengers in a pickup truck driven by Kenneth Evans. The evidence reveals that Mr. Evans crossed the center line and struck, head-on, an eighteen-wheeler driven by Kenneth Beau-bouef and owned by Lee F. Ray. Ms. *860 O’Donnell and Ms. Vines were seriously injured and a third passenger in the pickup truck, Larry Martin, Jr., was killed. The evidence also shows that Mr. Evans may have been driving the pickup truck with a pair of vice-grip pliers; no steering wheel was found by investigating officers. In addition, there were numerous empty alcohol containers found at the scene, in and around the pickup truck. Mr. Beau-bouef tested zero for alcohol immediately after the accident. The investigation disclosed that Mr. Beaubouef was driving within the posted speed limit; and, once he realized that the pickup truck was not going to return to its proper lane of travel, he applied his brakes and steered the eighteen-wheeler as much to the right as possible in an attempt to avoid the accident. The weather was clear at the time of the accident.
^Neither Ms, O’Donnell, Ms. Vines nor Mr. Evans recalls the events immediately preceding the accident. The only evidence of how the accident occurred, therefore, is the deposition testimony of Mr. Beaubouef and the investigating officer, Bobby L. Stephens. Mr. Beaubouef described the accident as follows: he noticed the pickup truck crossing the center line, but did -not slam on the brakes because he was afraid the eighteen-wheeler would jack-knife. When Mr. Beaubouef realized that the pickup truck was out of control, he applied the brakes and moved as far to the right as possible. According to Mr. Beaubouef, impact with the pickup truck was unavoidable. Officer Stephens concurred with Mr. Beaubouef s version of events. He did not issue Mr. Beaubouef a citation and concluded that the accident was in no way caused by the negligence of Mr. Beau-bouef. In addition, despite both Plaintiffs’ deposition testimony that there was a steering wheel on the pickup truck, Officer Stephens stated that he could find no steering wheel at the accident site. Officer Stephens also noted several six-packs of beer cans and empty wine containers strewn about the scene. He testified that Mr. Evans was known in the community for taking off the steering wheel to see how far the pickup truck would travel in a straight line with no steering wheel.
Ms. O’Donnell and Ms. Vines sued for damages, alleging that both Mr, Evans and Mr. Beaubouef were negligent. The petition named as defendants Automotive Casualty Insurance Company (“Automotive”), Lee F. Ray, Kenneth Beaubouef, Kenneth Evans, Choey Seals, the individual from whom Mr. Evans purchased the pickup truck, and Alliance. Louisiana Insurance Company was added as a defendant by amended petition. Suits 13filed by Mr. Evans and Economy Fire and Casualty Insurance Company (to recover $95,000 paid to the surviving parents of Larry Martin, Jr.) were consolidated with Ms. O’Donnell’s and Ms. Vines’ suit.
Two motions for summary judgment were filed: (1) by Automotive and Choey Seals and (2) by Alliance, Mr. Ray and Mr. Beaubouef. At the hearing on August 25, 2000, all parties agreed that Automotive’s and Choey Seals’ motion was valid; and it was, therefore, sustained in open court. Counsel argued the motion filed by Alliance, Mr. Ray and Mr. Beaubouef, and it was taken under advisement. On October 11, 2000, the trial court rendered judgment sustaining the motion for summary judgment, finding that Plaintiffs failed to produce any evidence of negligence on the part of Mr. Beaubouef. In the absence of any genuine issues of material fact regarding Mr. Beaubouefs negligence, the trial court concluded that Defendants were entitled to judgment as a matter of law. Plaintiffs appeal the judgment in favor of Alliance, Mr. Ray and Mr. Beaubouef only.

*861
DISCUSSION

Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgments are appropriate. Kennedy v. Holder, 33,346 (La.App.2d Cir.5/10/00), 760 So.2d 587; Fuggins v. Burger King, 33,473 (La.App.2d Cir.5/10/00), 760 So.2d 605.
Summary judgments are governed by La. C.C.P. art. 966, which provides that summary judgment procedure is favored and designed to secure the just, speedy and inexpensive determination of actions. If the pleadings, depositions, affidavits, answers to interrogatories and admissions Ron file show that there is no genuine issue as to a material fact, then the movers are entitled to summary judgment as a matter of law. The burden of proof on a motion for summary judgment is on the movers. If the movers, however, will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movers’ burden does not require them to negate all essential elements of the adverse party’s claim. The movers must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. If the adverse party fails to produce factual support sufficient to establish that he will be able to'satisfy his evidentiary burden at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C); Provenza v. Central & Southwest Services, Inc., 34,162 (La.App.2d Cir.12/15/00), 775 So.2d 84; Tucker v. American States Insurance., 31,970 (La.App.2d Cir.9/22/99), 747 So.2d 620.
When a motion for summary judgment is made and supported, as provided by procedural law, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by procedural law, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.
In the case sub judice, the argument on appeal concerns whether or not the trial court properly applied the “guest passenger presumption of negligence” to this case. The rule is as follows:
When an innocent party is injured through the concurrent acts of two parties under circumstances ■ where one or the other must | ¿be at fault, the burden is upon these parties to exculpate themselves from negligence.
See Michel v. State Farm Mutual Automobile Insurance Co., 314 So.2d 535 (La. App. 1st Cir.1975); Eason v. Hartford Accident and Indemnity Co., 327 So.2d 187 (La.App. 2d Cir.1976); Snyder v. Taylor, 523 So.2d 1348 (La.App. 2d Cir.1988), writs denied, 531 So.2d 267 and 268 (La.1988). In Eason, supra, this court recognized the rule and agreed with the court in Michel, supra, that it is an evidentiary rule, hot a-rule of substantive law; and, therefore, it- does not exempt a plaintiff from the ultimate responsibility of proving his or her case. Under the reasoning of Michel and Eason, the guest passenger must first prove his or her innocence as to involvement in the accident and, second, must prove that the circumstances of the accident compel a finding that either one or both drivers in a two-car collision must be at fault. Once this burden is satisfied, each defendant driver must then attempt to exculpate him or herself, not by general denials of allegations, but by “asserting facts and circumstances of affirmative force.” Eason, supra. This rule was developed to assist a plaintiff in a proper case, not to allow the plaintiff to circumvent' the ordinary requirements of burden *862 of proof and “to bring down two defendants with one shot; it was meant only to assure that the plaintiff would get the benefit of the rule for the purpose of showing at least one defendant was responsible.” Id.
Plaintiffs contend that, under the above-described rule, Mr. Evans and Mr. Beaubouef were presumed negligent and bore the burden of exculpating themselves. As such, according to Plaintiffs, it was error for the trial court to require Plaintiffs to produce evidence of Mr. Beau-bouefs negligence in | fiorder to defeat Defendants’ motion for summary judgment. Given the presumption of negligence argued by Plaintiffs, they state summary judgment was inappropriate because a jury could have allocated some degree of negligence to Mr. Beaubouef, even if it found that the majority of the fault was with Mr. Evans. We believe that, given the procedural posture of this case, Plaintiffs’ reliance on the guest passenger presumption is misplaced.
 As previously stated, the rule is an evidentiary one, not one of substantive law. It operates when the trier of fact is faced with two possibly negligent defendant drivers and shifts the burden in such case to the defendants. This case was resolved on summary judgment, which disposes of claims or parties prior to trial on the merits. The motion for summary judgment is decided based on the undisputed facts of a case. In this particular case, the trial court was presented with the deposition testimony of both-plaintiffs, Mr. Evans, Mr. Beaubouef and Officer Stephens. After careful review of this evidence, the trial court determined that there was a complete lack of evidence of negligence on the part of Mr. Beaubouef. Our de novo review of the record leads us to the same conclusion. The trial court was not presented with two negligent defendant drivers where it must allocate fault between the two based on evidence presented at trial. In the instant case, regardless of the burden of proof, the undisputed evidence clearly indicates that the sole cause of the accident was the negligence of Mr. Evans in crossing the center line into Mr. Beaubouefs lane of travel. There was, in the trial court’s opinion, and in ours, only one negligent |7driver, Mr. Evans. The guest passenger presumption rule, therefore, is not applicable.
We also note that, as mentioned above, prior to benefitting from the guest passenger presumption rule, a plaintiff is required to come forward with evidence that he or she was innocent as to his or her involvement in the accident. While not the basis for our holding in this case, it is somewhat bothersome to this court that neither Ms. O’Donnell nor Ms. Vines has any recollection of the events immediately preceding the accident or of the collision itself. It is, therefore, difficult to say that they satisfied this preliminary burden.
In summary, we concur with the trial court’s finding that “[t]he simple fact is that Beaubouef did nothing to cause the unfortunate accident.” Summary judgment was properly granted.

CONCLUSION

For the reasons stated herein, the judgment of the trial court granting Defendants’, Lee F. Ray, Kenneth Beaubouef and Alliance Casualty and Reinsurance Company, motion for summary judgment is affirmed. Costs are assessed to Plaintiffs, Jennifer Anne O’Donnell and Tammy Cheryl Vines.
AFFIRMED.